## BLANCHE RUDE v. ERVIN RUDE.

166 N. W. (2d) 719.

March 28, 1969—No. 41785.

*Padden, Dickel & Johannson* and *Lee E. Wall,* for appellant.

*Nilles, Oehlert, Hansen, Selbo & Magill, Duane H. Ilvedson,* and *Gordon H. Smith,* for respondent.

PER CURIAM.

This is a motion to dismiss an appeal from an order denying a motion for summary judgment certified to this court pursuant to Rule 103.03(i), Rules of Civil Appellate Procedure, as a case involving doubtful and important issues.

It appears that plaintiff-respondent sued for injuries sustained while trying to lead a pony owned by defendant-appellant back into an enclosure from which it had escaped. The trial court's order certifying the matter to this court expressed the view that the law is indefinite as it relates to the "standard of care required by a plaintiff in the act of rescuing personal property."

We have held that the function of the rule permitting certification of questions by the trial court should not be to submit general questions of whether the evidence does or does not establish issues which involve a

mixed question of fact and law to be decided by the jury, aided by the advice of the trial court as to the law of the case. The rule should not be used to submit hypothetical or speculative questions or to secure an advisory opinion. State v. Moller, 276 Minn. 185, 149 N. W. (2d) 274; 5 Am. Jur. (2d) Appeal and Error, § 1026. We fail to see how the question certified can be considered as either important or doubtful. The cases cited in 13B Dunnell, Dig. (3 ed.) § 7025, deal with the subject of negligence as it relates to an attempt to save life or property. Among them is Henjum v. Bok, 261 Minn. 74, 77, 110 N. W. (2d) 461, 463, which states:

"The so-called rescue doctrine does not affect the ordinary standard of care. The doctrine merely indicates that, where an attempt is being made to save human life or property, a reasonably prudent person will take greater risks than might ordinarily be justified. Similarly, the emergency rule is only an application of the reasonable man standard of care to a particular situation."

Since the standard of care required to be exercised by one in the act of rescuing property has already been fully stated, there is nothing for this court to consider or review. The appeal is accordingly dismissed and the case is remanded to the district court.

Appeal dismissed.