# F. & H. INVESTMENT COMPANY AND ANOTHER v. SACKMAN-GILLILAND CORPORATION AND ANOTHER.

232 N. W. 2d 769.

August 15, 1975—No. 45412.

*Tuzinsky, Marofsky & Luther, Mark D. Luther, Halpern & Halpern,* and *John A. Halpern,* for appellants.

*Maun, Hazel, Green, Hayes, Simon & Aretz* and *Bruce G. Odlaug,* for respondent Sackman-Gilliland Corporation.

*Smith & Persian* and *Gary E. Persian,* for respondent Bryant-Franklin Corporation.

*Douglas R. Heidenreich* and *Randall Tigue,* for Minnesota Civil Liberties Union, amicus curiae, seeking reversal.

*Best, Flanagan, Maloney, Carroll & Olson* and *George Maloney,* for Minnesota Land Title Association, amicus curiae, seeking affirmance.

*Mackall, Crounse & Moore, Frederick L. Thorson, Van Valkenburg, Comaford, Moss, Fassett, Flaherty & Clarkson,* and *J. Brainerd Clarkson,* for Savings League of Minnesota, seeking affirmance.

Per Curiam.

Appeal from the denial of plaintiffs' motion for summary judgment. Plaintiffs sought to set aside a mortgage foreclosure on the ground that foreclosure by advertisement authorized by Minn. St. c. 580 is an unconstitutional deprivation of property prohibited by the due process clause of U. S. Const. Amend. XIV. The trial court, without specifying the particular questions raised, certified to this court the broad issue of constitutionality. We remand the cause to the trial court.

This action was initially brought by the F. & H. Investment Company, the mortgagor of the real estate. Some time later and before answer, Wholesale Lighting, Inc., a materialman who held a mechanics lien against the property, joined as an additional party plaintiff. Defendants are Sackman-Gilliland Corporation, the mortgagee of the property, and Bryant-Franklin Corporation, an assignee of a judgment creditor of F. & H. Investment Company. After the mortgagee foreclosed the mortgage by advertisement pursuant to Minn. St. 580.01, et seq., and purchased the property at the sheriff's sale in March 1973, Bryant-Franklin, as assignee of a judgment creditor of the mortgagor, exercised its right of redemption and became the fee owner.

Plaintiffs sought summary judgment against defendants declaring the foreclosure proceedings authorized by c. 580 unconstitutional, thereby setting aside the entire foreclosure proceedings. Bryant-Franklin also moved the trial court for summary judgment dismissing plaintiffs' claim against it and discharging the notice of lis pendens which had been filed against the real estate. The trial court granted this motion and no appeal was taken. The trial court denied plaintiffs' motion but later certified its order and memorandum to this court as presenting questions of importance and of doubt.

1. Rule 103.03(i), Rules of Civil Appellate Procedure, provides that an appeal may be taken to this court, "[i]f the trial court certifies that the question presented is important and doubtful, from an order * * * which denies a motion for sum-

mary judgment." As this court has pointed out, however, the purpose of this rule is not to allow the parties "to submit hypothetical or speculative questions or to secure an advisory opinion." Rude v. Rude, 283 Minn. 524, 166 N. W. 2d 719 (1967); State v. Moller, 276 Minn. 185, 149 N. W. 2d 274 (1967); Staples v. Zinn, 302 Minn. 149, 223 N. W. 2d 415 (1974).

Because no appeal was taken from the order dismissing defendant Bryant-Franklin, the fee holder, from the lawsuit, there is a serious question whether the relief sought by plaintiffs can any longer be granted. The record fails to make clear whether such dismissal had the effect of also discharging the lis pendens against the property.[1] If the order was so intended, the problem of the relief that could be granted to plaintiffs must be squarely faced. Where the owner has title under a judgment which is final as against plaintiffs in this suit, plaintiffs have lost the right to the relief they seek against him by failing to take an appeal. It would seem inescapable that any further decision by this court on the constitutional issues they raise against defendant mortgagee would be an advisory opinion.

2. Passing the problem of remedy, the question remains whether this court may pass on the constitutionality of the Minnesota foreclosure by advertisement statutes upon this record and in the form in which it has been certified to us. This action is an attack on the statute as applied. In such cases, the factual context upon which the attack is based is essential to a correct decision of constitutional issues. Specifically, the question of plaintiffs' standing, the presence of state action necessary for a Fourteenth Amendment violation, the question whether notice or a hearing were available in constitutionally acceptable form, and the question whether the parties waived their rights to due process were neither clearly presented by the parties nor discussed or decided by the court below. Without a decision by the

---

[1] On oral argument it was asserted that a release of lis pendens was not a part of the judgment.

trial court on these mixed questions of fact and law, this court is unable to properly exercise its reviewing function.

Regrettably, the difficulty in this case arises because of the parties' failure to establish before the trial court the facts upon which the constitutional issues are based and of the essential ambiguity of a denial of plaintiffs' motion for summary judgment. Summary judgment is ordinarily denied when issues of fact are outstanding or when issues of law run against the moving party. In this case, the question is not appropriate for certification because of the outstanding issues of fact which must necessarily be determined[2] and, as well, because certified questions of law must be brought to this court after having been decided by the lower court. The mere denial of a motion for judgment because of a broad allegation of unconstitutionality is not the kind of question contemplated for certification within the rule. This court, in the analogous context of the certification of criminal questions pursuant to Minn. St. 632.10, stated Thompson v. State, 284 Minn. 274, 277, 170 N. W. 2d 101, 103 (1969):

"* * * The certification should be carefully and precisely framed so as to present distinctly and clearly the question of law involved and should not be presented until the record is developed to the point where the question is relevant and presents a substantive issue. An appellate court will not consider abstract or unnecessarily general questions which might result in one answer to one set of circumstances but another answer to a different set of circumstances."

And see, Pierce v. Foley Bros. Inc. 283 Minn. 360, 168 N. W. 2d 346 (1969).

---

[2] At the time of this appeal, the parties relied upon a stipulation of facts entered into after the order of the trial court. That stipulation must be regarded as inadequate, not only because the trial court never passed on it but also because it fails to provide sufficient pretrial factual detail to allow for a decision on the constitutionality of the statute as applied.

3.   On remand, a hearing should be held to enable the trial court to determine the factual basis of the injury complained of by plaintiffs in this action and to reconsider and decide all questions of law and fact. Plaintiffs contend that the constitutional shortcomings within the statute have denied them procedural due process. Specifically, plaintiffs complain that the failure to provide lienholder Wholesale Lighting with notice of the foreclosure sale, notice of the running of the expiration of its period of redemption, and an opportunity for a hearing has resulted in direct deprivation of property rights. The mortgagor claims injury because it is now being sued by the lienholder for the satisfaction of obligations which, it is alleged, would have otherwise been satisfied by proceedings against the property on the now extinguished lien.

With respect to the mortgagor, the trial court did not determine whether such an allegation of indirect injury constituted such injury in fact, Sierra Club v. Morton, 405 U. S. 727, 92 S. Ct. 1361, 31 L. ed. 2d 636 (1972), as to give the mortgagor standing to complain of the statute's constitutional infirmity. Nor did the trial court find that the deprivation of which plaintiff mortgagor complained was a "property right" within the meaning of the Fourteenth Amendment.

With respect to the injury suffered by the lienholder, the trial court found in its order denying summary judgment that none of the lien claimants had been served with notice of the foreclosure sale by the mortgagee. However, we are unable to determine the existence of constitutional injury from the statute as applied where the record is silent on the question whether plaintiff lienholder had actual knowledge of the foreclosure sale. The court, as well, has not passed on the legal question whether the lienholders, who had only as much right to bid at the  sale as anyone else in the world, were entitled to notice of the foreclosure sale. Further, the record is silent on the question whether plaintiff Wholesale Lighting had actual notice that its period of redemption was running. This right to redeem, being unique to the

lienholders against the property, is the protection which the statute offers to their lien. We cannot rule advisedly on the question of constitutional deprivation as applied absent a record which demonstrates whether the lienholders had actual notice or knowledge that their property right, the statutory right to redeem, was being extinguished.

With respect to the hearing, it has long been the law in this state that both the mortgagor and the junior encumbrancers have the right to enjoin the foreclosure sale of mortgaged property. See, generally, 12 Dunnell, Dig. (3 ed.) § 6470. There is no determination by the trial court whether placing the burden of initiating the hearing on the parties to be deprived of their property rights was, within the context of the commercial mortgage and construction market, a deprivation of due process.

Finally, it would be helpful to appellate review if there was a factual elaboration of the role played by the state, since the parties are in disagreement as to its constitutional significance. The threshold question of whether any relief can be granted to plaintiffs, and if so, the question of waiver by plaintiff lienholder, are of course critical to reaching the constitutional issues raised by the pleadings.

Remanded for further proceedings not inconsistent with this opinion.