Ronald E. GRUENING,
individually, Respondent,

v.

Floyd N. PINOTTI, individually,
Appellant (C6–84–1792),

Floyd N. Pinotti as Sheriff of Chisago
County and the County of Chisago,
Appellants, (C8–84–1857).

Nos. C6–84–1792, C8–84–1857.

Court of Appeals of Minnesota.

April 2, 1985.

Steven A. Sicheneder, Christensen, Jennings & Sicheneder, PA, North Branch, for respondent,

James E. Snoxell, Henningson, Peterson & Associates, Ltd., Minneapolis, for appellant (C6–84–1792).

James R. Clifford, Chisago Co. Atty., Center City, for appellants (C8–84–1857).

Heard, considered and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The trial court, after denying appellant Floyd Pinotti's motion to dismiss for failure to state a claim, certified as important and doubtful the question of whether respondent Ronald Gruening, an alleged alcoholic, was a disabled person protected under the Minnesota Human Rights Act (1981). The court did not answer the certified question. The parties did not stipulate to facts; as a result, the trial court made no findings of fact. We remand.

## FACTS

Respondent Gruening was employed by the Chisago County Sheriff. At the time of the events leading to this lawsuit, he was a full-time deputy.

Respondent's supervisor learned of a report that respondent had been intoxicated and caused damage to his landlord's hayfield. He was evaluated for chemical dependency and found chemically dependent. Subsequently, respondent submitted his resignation; the parties offer differing versions of the events surrounding the resignation. The parties also offer differing versions of the terms of re-employment offers which appellants made to respondent.

Respondent filed a complaint with the Minnesota Department of Human Rights in 1981; he removed his complaint in 1982 and brought a private civil action. He alleged in his action that he was terminated from his employment because of his chemical dependency, and that appellants retaliated against him because of the complaint he filed with the Human Rights Department.

In May and June 1984, motions by appellants for summary judgment on the alleged violation of the Human Rights Act were denied.

In September 1984, Pinotti, individually, moved that respondent's Human Rights Act claim be dismissed with prejudice for failure to state a claim upon which relief could be granted. On October 4, the court denied Pinotti's motion and certified the question as important and doubtful to this court.

## CERTIFIED QUESTION

Whether plaintiff was a disabled person and therefore a member of a protected class under the Minnesota Human Rights Act within the context of the Act in 1981, at which time the events complained of occurred, amendment not being made until June 7, 1983 to exclude from "disability" any condition resulting from alcohol or drug abuse which prevents a person from performing a job or constitutes a threat to property or safety.

## ANALYSIS

This appeal arises under Minnesota Rules of Civil Appellate Procedure 103.-03(h). The rule provides:

An appeal may be taken to the Court of Appeals:

\*  \*  \*  \*  \*  \*

(h) if the trial court certifies that the question presented is important and doubtful, from an order which denies a motion to dismiss for failure to state a claim upon which relief can be granted or

from an order which denies a motion for summary judgment.

### 1.

The substantive issue before the court is whether or not alcoholism is a disability within the meaning of the 1981 Human Rights Act. In 1981, the Minnesota Human Rights Act defined disability as follows:

"Disability" means a mental or physical condition which constitutes a handicap.

Minn.Stat. § 363.01, subd. 25 (1980). In 1983, the legislature redefined disability, defined a new category entitled "qualified disabled person," and excluded from disability any condition resulting from alcohol or drug abuse which prevented a person from performing his job or posed a threat to the property or safety of others. Minn. Stat. § 363.01, subd. 25, 25a (Supp.1983).

■ In order to establish a prima facie case of discrimination in violation of Minn. Stat. § 363.03, subd. 1 (1980), Gruening must show:

(1) he is a member of a protected class; (2) he was qualified for the job from which he was discharged; (3) he was discharged; and (4) the employer assigned a nonmember of the protected class to do the same work.

*Hubbard v. United Press International, Inc.*, 330 N.W.2d 428, 442 (Minn.1983).

The issue of whether or not the 1981 act includes alcoholism as a disability has not yet been decided by an appellate court. The *Hubbard* court stated that:

[W]e do not decide whether, or to what extent, alcoholism is a disability within the meaning of Minn.Stat. § 363.01, subd. 25 (1978).

*Id.* at 443 n. 14.

### 2.

■ We must first consider whether this substantive issue should be decided on the certified question. We have held with regard to certified questions:

Before certification of questions of law to this court as important and doubtful, trial courts must decide the questions * * and issue written orders with respect to their rulings * * *. [I]n all future cases, this court will neither accept nor answer certified questions which have not first been ruled on by the trial court.

*State v. Braun,* 354 N.W.2d 886, 887 (Minn.Ct.App.1984). The trial court merely denied the motion to dismiss and posed the certified question. We cannot answer a certified question which is not first decided and explained by the trial court.

■ A more serious difficulty exists. The parties have not stipulated that Gruening is an alcoholic, nor has the court made such a finding. The individual appellant, in his brief, refers to the "alleged" alcoholism of respondent. The rule permitting certification of a question "should not be used to submit hypothetical or speculative questions or to secure an advisory opinion." *Rude v. Rude,* 283 Minn. 524, 525, 166 N.W.2d 719, 719 (1969). If findings are not or cannot be made, there is nothing for this court to review. *In re Kolodrubetz,* 343 N.W.2d 650, 652 (Minn.1984). Even a stipulation of facts is inadequate to permit a decision, unless the trial court passes on it and it provides sufficient pretrial factual detail. *F. & H. Investment Co. v. Sackman-Gilliland Corp.,* 305 Minn. 155, 158 n. 2, 232 N.W.2d 769, 772 n. 2 (1975).

On a criminal law question, the supreme court stated:

The certification should be carefully and precisely framed so as to present distinctly and clearly the question of law involved and should not be presented until the record is developed to the point where the question is relevant and presents a substantive issue. An appellate court will not consider abstract or unnecessarily general questions which might result in one answer to one set of circumstances but another answer to a different set of circumstances.

*Thompson v. State,* 284 Minn. 274, 277, 170 N.W.2d 101, 103 (1969), *quoted in F & H*

*Investment,* 305 Minn. at 158, 232 N.W.2d at 772.

■ A certified question without a finding on appellant's alleged alcoholism would be hypothetical, and our opinion on the question would be advisory.

### DECISION

In the absence of findings of fact, together with a decision and explanation by the trial court, we cannot answer the certified question.

Remanded.