Ronald E. GRUENING, Respondent,

v.

Floyd N. PINOTTI, individually, Respondent,

Floyd N. Pinotti as Sheriff of Chisago County and the County of Chisago, Appellants.

No. C3-86-457.

Court of Appeals of Minnesota.

Sept. 2, 1986.
Review Denied Oct. 29, 1986.

Steven A. Sicheneder, Christiansen, Jennings & Sicheneder, P.A., North Branch, for Ronald E. Gruening.

James E. Snoxell, Henningson, Peterson & Associates, Ltd., Minneapolis, for Floyd N. Pinotti.

James T. Reuter, Chisago Co. Atty.'s Office, Center City, for Floyd N. Pinotti as Sheriff of Chisago County and the County of Chisago.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellants challenge a trial court judgment ordering respondent reinstated as deputy sheriff. They claim respondent, an alcoholic, was not a member of protected class under the Minnesota Human Rights Act in 1981 and adequate grounds for termination existed. Respondent seeks an increase in award to include damages for reprisal for failure to rehire, mental anguish and suffering and punitive damages. We affirm in part and reverse in part.

## FACTS

Respondent Ronald E. Gruening was employed by the Chisago County Sheriff's Department from August 1975 to April 29, 1981. He began as a part time dispatcher and was promoted to full time deputy sheriff. Testimony indicates Gruening performed his job well and without incident until April 1981.

Gruening was scheduled to attend motorcycle training school in St. Cloud on April 2–3, 1981. On April 2, Gruening traveled toward St. Cloud, encountered rain and decided to return to his home in Lindstrom. En route home, Gruening stopped at a bar and drank until he was intoxicated. He did not contact the sheriff's department. On April 3, Gruening continued to drink, did not attend motorcycle training and again failed to contact the sheriff's department. As a result of his non-attendance and failure to contact his employer, Gruening was suspended for three days.

During April 25–27, 1981, Gruening was not scheduled to work and drank at home. On April 27, he drove his truck through his landlord's hay field. On April 28, Gruen-

ing's landlord complained to the sheriff's department about the incident. As a result, Gruening agreed to evaluation at the Hazelden Foundation in Chisago County. Hazelden concluded Gruening needed to be admitted for chemical dependency assessment. He was to report for admission in the morning on April 29.

Gruening was asked by the sheriff's department to report to the sheriff's office before entering treatment. Upon arrival, he was presented a typed letter of resignation. Gruening was told he could either sign the letter or remain with the department and face possible suspension, unspecified criminal charges and possible loss of job. He signed the letter. His resignation was to be effective after accumulated sick leave and vacation time were used. Gruening then went to the Hazelden Foundation where he remained in treatment from April 29 through May 30, 1981.

On June 21, 1981, Gruening met with Sheriff Floyd N. Pinotti to determine why Gruening was no longer employed by the sheriff's department. Pinotti told Gruening he was terminated for public drunkenness, which was against department policy. Pinotti testified he then offered Gruening reinstatement.

On June 24, 1981, Gruening filed a complaint with the Minnesota Department of Human Rights, alleging he was terminated unfairly due to his chemical dependency without any prior notice or warning and was forced to sign the resignation letter.

In December 1981, Pinotti sent Gruening a letter offering him reemployment at his previous rank. As a condition, Gruening was to cease all pending or contemplated litigation. The letter required a response by January 4, 1982. Gruening did not accept.

In July 1982, Gruening withdrew his complaint with the Department of Human Rights and sued Pinotti, individually and as sheriff, and the County of Chisago, alleging he was wrongfully discharged because of alcohol dependency and the county violated its collective bargaining agreement. In March 1983, Gruening amended his complaint to allege intentional infliction of emotional distress.

By order filed May 24, 1984, counts against Pinotti individually regarding collective bargaining and emotional distress were dismissed with prejudice. Those same counts against Pinotti as sheriff and the County of Chisago were dismissed with prejudice on June 4, 1984. Motions for summary judgment regarding violation of the Minnesota Human Rights Act were denied.

On October 4, 1984, Pinotti's motion as an individual to dismiss for failure to state a claim was denied regarding Gruening's allegation of wrongful discharge. The question whether alcoholics constituted a protected class under the Minnesota Human Rights Act in 1981 was certified to this court. On April 2, 1985, this court declined to answer the certified question because no finding of Gruening's alcoholism existed and absent that finding any opinion would have been advisory. *See Gruening v. Pinotti,* 364 N.W.2d 907 (Minn.Ct.App.1985).

Court trial was held in September 1985. Judgment in favor of Gruening was filed on December 18, 1985. He was ordered reinstated as though not terminated and awarded back pay and $15,000 in attorney fees. All parties moved for amended findings. Defendants also moved for a new trial. Order for amended judgment was filed on March 11, 1986, amending findings and conclusions and denying all new trial motions. Amended judgment was entered on April 3, 1986.

Pinotti as sheriff and the County of Chisago filed notice of appeal and Gruening and Pinotti as an individual filed notices of review.

## ISSUES

1. Did the trial court err in concluding alcoholism was a disability under Minn. Stat. § 363.01, subd. 25 (1980)?

2. Did appellant have just cause to terminate respondent deputy sheriff's employment?

3. Did the trial court err in concluding the decision not to rehire respondent deputy sheriff was not a reprisal under Minn. Stat. § 363.03, subd. 7 (Supp.1981)?

## ANALYSIS

1. Appellants and respondent Pinotti claim the trial court erred in concluding respondent Gruening was a member of a statutorily protected class under the Minnesota Human Rights Act (the Act), Minn. Stat. ch. 363, in 1981. They argue alcoholism was not defined as a disability prior to 1983 amendment to the Act and therefore Gruening's claim of unfair discharge is without merit.

The Act in 1981 defined "disability" as "a mental or physical condition which constitutes a handicap." Minn.Stat. § 363.01, subd. 25 (1980). Unfair employment practice occurred when an employer discharged a disabled employee not based on a bona fide occupational qualification. *Id.* § 363.-03, subd. 1(2)(b).

The Minnesota Supreme Court set forth a four-part test for establishing prima facie discrimination under the Act in *Hubbard v. United Press International, Inc.,* 330 N.W.2d 428 (Minn.1983).

The discharged employee carries the initial burden of establishing a prima facie case by showing (1) he is a member of a protected class; (2) he was qualified for the job from which he was discharged; (3) he was discharged; and (4) the employer assigned a nonmember of the protected class to do the same work.

*Id.* at 442. The *Hubbard* court noted no decision had been made determining whether alcoholism was a disability under the Act and decided the case on other grounds. *Id.* at 442, 443 n. 14; *see Biltz v. Northwest Airlines, Inc.,* 363 N.W.2d 94, 97 (Minn.Ct. App.1985) ("it is unclear whether alcoholism was a covered disability under the [pre–1983 amendment] version of the Human Rights Act").

Subsequent to *Hubbard,* the Minnesota Legislature amended the Act in 1983. Section 363.01, subd. 25 was amended to read:

"Disability" means any condition or characteristic that renders a person a disabled person. A disabled person is any person who (1) has a physical or mental impairment which substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment.

1983 Minn. Laws ch. 276, § 1 (codified at Minn.Stat. § 363.01, subd. 25 (1984)).

Subdivision 25a was created defining a "qualified disabled person" as meaning:

(1) with respect to employment, a disabled person who, with reasonable accommodation, can perform the essential functions required of all applicants for the job in question; and

(2) with respect to services and programs, a disabled person who, with physical and program access, meets the essential eligibility criteria required of all applicants for the program or service in question.

For the purposes of this subdivision, "disability" excludes any condition resulting from alcohol or drug abuse which prevents a person from performing the essential functions of the job in question or constitutes a direct threat to property or the safety of others.

1983 Minn. Laws ch. 276, § 2 (codified at Minn.Stat. § 363.01, subd. 25a (1984)). This amendment established the Act's first express reference to alcoholism.[1]

The issue arises whether the legislature changed existing law or merely intended to clarify the existing statute. Appellants and respondent Pinotti claim the 1983 amendment constituted a change by extending the scope of disabled employees to include alcoholics. The general presumption is the legislature intends to change pre-existing law when enacting an amend-

---

1. Appellants and respondent Pinotti argue at considerable length the 1983 amendment to the Human Rights Act is not retroactive. Retroactivity is not an issue here. Respondent Gruen-

ing does not argue retroactive application and such argument would appear fruitless. The issue is whether the pre–1983 Act extended coverage to alcoholics as a protected class.

674

ment. That presumption is rebutted, however, "[w]hen the language of an amendatory statute is intended to clarify rather than enlarge the powers of the original statute." *State ex rel. Spannaus v. Coin Wholesalers, Inc.,* 311 Minn. 346, 353–54, 250 N.W.2d 583, 587–88 (1976). Respondent Gruening argues the legislature was merely responding to the *Hubbard* court's uncertainty regarding alcoholism and expressly stated already implied protection.

Where the legislature intended merely to clarify the Act in 1983, the legislature expressly stated so. *See* 1983 Minn. Laws ch. 276, § 12. No such statement was made regarding the involved amendments. Appellants argue therefore Gruening has not rebutted the presumption of change by demonstrating clear intent to only clarify. *See Larson v. Independent School Dist. No. 314,* 289 N.W.2d 112, 122–23 (Minn. 1980) (presumption not sufficiently rebutted by inference).

■ We agree. Societal views toward alcoholism underwent radical alteration in the last decade. No longer is the condition looked upon as a self-inflicted vice, but is now considered a disease requiring medical attention. The legislature responded to this change by amending the Human Rights Act in 1983. While Gruening infers alcoholism meets the 1981 definition of disability, he has not shown the legislature intended the 1981 version of the Act to apply to alcoholics. Gruening has not demonstrated the 1983 amendment as anything other than a change in the existing law and attitude and we cannot conclude otherwise. Given a lack of discriminatory practice, we do not reach Gruening's claims for increased damages based on violation of the Act.

2. Appellants claim adequate grounds existed to terminate Gruening's employment. They quote Justice William Mitchell who in 1893 stated:

The next question is whether the charges presented were sufficient in law to constitute a cause for removal,— whether they were sufficient in form and substance to authorize the common coun-

cil to proceed. "Cause," or "sufficient cause," means "legal cause," and not any cause which the council may think sufficient. The cause must be one which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. The cause must be one touching the qualifications of the officer or his performance of its duties, showing that he is not a fit or proper person to hold the office. An attempt to remove an officer for any cause not affecting his competency or fitness would be an excess of power, and equivalent to an arbitrary removal. In the absence of any statutory specification the sufficiency of the cause should be determined with reference to the character of the office, and the qualifications necessary to fill it.

*State ex rel. Hart v. Common Council of Duluth,* 53 Minn. 238, 244, 55 N.W. 118, 120 (1893), *quoted in Leininger v. City of Bloomington,* 299 N.W.2d 723, 726 (Minn. 1980).

The trial court concluded Gruening was properly performing his duties at the time of termination. Appellants claim Gruening was unfit to perform the duties of deputy sheriff because of his drunkenness on April 2, 1981 and his alleged criminal violations of Minn.Stat. §§ 169.121 (driving under the influence of alcohol) and 609.595, subd. 2 (criminal damage to property) on April 27, 1981.

■ A deputy sheriff requires the respect and support of the community. Public intoxication erodes if not destroys a law enforcement officer's credibility with citizens. Lack of credibility prohibits performance of an officer's duties and casts a shadow upon his fitness for the job. Here, appellants had sufficient cause to terminate Gruening's employment because of his conduct and his unprotected status under the Human Rights Act. *See Nodes v. City of Hastings,* 284 Minn. 552, 170 N.W.2d 92 (1969) (officer's failure to pay debts justified discharge).

3. Respondent Gruening claims appellants engaged in reprisal by refusing to reemploy him after he had completed dependency treatment and filed a human rights complaint. *See* Minn.Stat. § 363.03, subd. 7.

To establish a prima facie case of retaliation an employee must establish: (1) statutorily-protected conduct by the employee; (2) adverse employment action by the employer; and (3) a causal connection between the two. *Hubbard v. United Press International, Inc.*, 330 N.W.2d 428 (Minn.1983), (citing *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

*Tretter v. Liquipak International, Inc.*, 356 N.W.2d 713, 715 (Minn.Ct.App.1984).

Gruening was within his rights to file a human rights complaint. He claims he was not reemployed as a direct result. He argues Pinotti's December 21, 1981 letter was not an acceptable offer of reemployment because it was conditioned on withdrawal of Gruening's pending litigation. He also asserts the denial of his application for a dispatcher position in May 1985 was based on his complaint.

Respondent Pinotti argues no refusal to hire occurred. He asserts several offers to reemploy were made by himself and other members of the sheriff's department, both before and after the December 1981 letter, which did not contain the conditions to which Gruening objects. Pinotti argues the December 1981 conditions are nonetheless valid as part of settlement negotiations.

The trial court concluded Gruening failed to prove lack of rehiring was "motivated to a significant extent" by Gruening's human rights complaint. We agree. While the December 21 offer may have been improper by its condition requiring withdrawal of complaint, up to that point and for a time thereafter Gruening never requested reemployment. In fact, the record indicates at times Gruening was opposed to reemployment because of the adverse effect it might have on his alcohol dependency. Gruening's subsequent applications for employment were made after his complaint was withdrawn. Gruening has not proved a causal connection.

4. Respondent Pinotti argues the trial court properly dismissed him from this litigation with prejudice. Gruening does not challenge that decision and neither do we.

## DECISION

Appellants did not violate the Minnesota Human Rights Act as existing in 1981 by terminating respondent's employment based solely on his alcoholism. Appellants did have adequate grounds to terminate respondent. Respondent failed to demonstrate reprisal.

Affirmed in part and reversed in part.