Jayne B. KHALIFA, Acting Commissioner, Department of Human Rights, Relator,

v.

GRUYS, JOHNSON & ASSOCIATES, Respondent.

No. C8-86-2222.

Court of Appeals of Minnesota.

June 30, 1987.

Hubert H. Humphrey, III, Atty. Gen., Carl M. Warren, Sp. Asst. Atty. Gen., St. Paul, for relator.

Robert W. Kettering, Jr., Katherine L. MacKinnon, Arthur, Chapman, Michaelson & McDonough, P.A., Minneapolis, for respondent.

Heard, considered and decided by RANDALL, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

RANDALL, Judge.

This is an appeal by petition for writ of certiorari, from a final contested case agency decision. Charles Hudzinski filed a charge of discrimination against Gruys, Johnson & Associates (GJA), his employer. The Minnesota Department of Human Rights (Department) commenced a proceeding against GJA. GJA filed a motion to dismiss, which the administrative law judge granted in an order dated December 4, 1986. We affirm.

## FACTS

Charles Hudzinski was employed by GJA, an accounting firm, as senior auditor from about November 24, 1980 to September 16, 1981. On approximately August 16, 1981, GJA placed Hudzinski on involuntary leave of absence due to his job performance. Hudzinski admits that from April 1981 through August 1981, his alcohol consumption significantly interfered with his ability to perform his job and was affecting his personality and work. For example, on August 10, 1981, a GJA representative "discovered Hudzinski slumped over his desk, asleep, with an empty pint of gin on the desk as well as the remains of a six-pack of beer."

When he was placed on involuntary leave of absence, GJA's representatives tried to place Hudzinski in an alcoholism treatment program, and advised Hudzinski that he would have to "commence, maintain and replace an in-patient treatment program within thirty * * * days following August 16, 1981." Hudzinski did not participate in an in-patient treatment program. Instead, he claims he participated in an Alcoholics Anonymous group and a Vietnam veterans' support group.

On September 16, 1981, GJA terminated Hudzinski's employment because he failed to participate in an in-patient program. On February 23, 1982, Hudzinski filed a charge of employment discrimination against GJA with the Department. After an investigation, the Department issued a complaint in the matter on August 18, 1986. GJA moved for dismissal on the basis that alcoholism was not a disability under the Minnesota Human Rights Act,

Minn.Stat. § 363.01, subd. 25 (1980). The administrative law judge found controlling this court's decision in *Gruening v. Pinotti*, 392 N.W.2d 670 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Oct. 29, 1986), and dismissed the complaint and underlying charge.

## ISSUE

Did the administrative law judge err by finding that alcoholism was not a disability under the Human Rights Act as it existed in 1981?

## ANALYSIS

Appellant contends the administrative law judge erred by holding that alcoholism was not a protected disability under the Minnesota Human Rights Act prior to its amendment in 1983. Minn.Stat. § 363.01 et seq. (1980).

The 1980 Minnesota Human Rights Act defined "disability" for purposes of classifying persons protected from unfair discrimination practices as: "a mental or physical condition which constitutes a handicap." Minn.Stat. § 363.01, subd. 25 (1980). The Human Rights Act was amended in 1983, after Hudzinski had been discharged from his employment. The definition of "disability" changed to:

> any condition or characteristic that renders a person a disabled person. A disabled person is any person who (1) has a physical or mental impairment which substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment.

Minn.Stat. § 363.01, subd. 25 (Supp.1983). In addition, the legislature amended the statute to define a "qualified disabled person," with the following exclusion:

> For the purposes of this subdivision, "disability" excludes any condition resulting from alcohol or drug abuse which prevents a person from performing the essential functions of the job in question or constitutes a direct threat to property or the safety of others.

Minn.Stat. § 363.01, subd. 25a (Supp.1983).

Here, the administrative law judge concluded this court's holding in *Gruening v.*

*Pinotti* is controlling, and that alcoholism was not a protected disability at the time appellant was dismissed from his employment. *Gruening v. Pinotti*, 392 N.W.2d 670 (1986), *pet. for rev. denied*, (Minn., Oct. 29, 1986).

In *Gruening*, a deputy sheriff was dismissed, allegedly on the basis of his alcoholism. This court held that:

> While Gruening infers alcoholism meets the 1981 definition of disability, he has not shown the legislature intended the 1981 version of the Act to apply to alcoholics. Gruening has not demonstrated the 1983 amendment as anything other than a change in the existing law and attitude and we cannot conclude otherwise.

*Id.* at 674.

This court found, in *Gruening*, that societal views of alcoholism had changed substantially in the past decade, and that the 1983 amendment reflected that change. *Id.*

When the legislature enacts an amendment, the presumption exists that the legislature intended to change pre-existing law. *Gruening*, 392 N.W.2d at 673–74. As this court pointed out in *Gruening*, the legislature did not state an intent to merely clarify the Human Rights Act. *Gruening*, 392 N.W.2d at 674. Absent an express statement by the legislature to the contrary, the presumption that the amendments created new law remains unrebutted. *Id.*

## DECISION

The administrative law judge correctly found that alcoholism was not a protected disability prior to the 1983 amendment to the Minnesota Human Rights Act, Minn. Stat. § 363.01 et seq.

Affirmed.