DUXOR INVESTMENT AKTIENGESELLSCHAFT, Appellant,

v.

INVESTMENT RARITIES INCORPORATED, Respondent.

No. C8–87–495.

Supreme Court of Minnesota.

Sept. 28, 1987.

Corey J. Ayling, O'Connor & Hannan, Minneapolis, for appellant.

Jerome S. Rice, Jerome S. Rice Law Offices, P.A., Minneapolis, for respondent.

## ORDER

Based upon all the files, records and proceedings herein,

WHEREAS by Order of this Court dated April 24, 1987, a purported question was certified as important and doubtful by the District Court and transferred to this Court; and

WHEREAS this Court has determined that the purported Order for Certification is deficient in a number of respects,

IT IS HEREBY ORDERED that the appeal be and the same is dismissed and the matter is remanded to the District Court for consideration in accordance with the memorandum attached hereto.

## MEMORANDUM

Appellant Duxor Investment Aktiengesellschaft ("Duxor") sued Respondent Investment Rarities, Inc. ("ITI") for nonpayment of six promissory notes from the sale by Duxor to ITI of certain molds, tools, trademarks and other intellectual property relating to the S–Box concept. The S–Box, as it relates to this litigation, is a plastic box designed to hold audio cassettes. ITI counterclaimed, asserting *inter. alia*, breach of warranty due to alleged design defects in the molds and tools.

Discovery commenced, including certain depositions noticed by ITI to be taken in Switzerland and Sweden.[1] Duxor's counsel objected to these depositions as not having been taken in accordance with Rule 28.02 of the Minnesota Rules of Civil Procedure.

Duxor then brought a motion for summary judgment on the ground that ITI failed to give timely notice of the alleged warranty breach as required by Minn.Stat. § 336.-2–607(3)(a) (1986). Duxor relied on deposition testimony and exhibits taken in the United States for its factual recitation in support of its motion. ITI opposed the motion, arguing that factual issues exist on whether ITI knew or should have known about the alleged breach. ITI relied heavily on testimony taken in the Swiss depositions.

At the same time as the motion for summary judgment was pending, ITI made a motion to file the Swiss depositions with the trial court pursuant to Rule 5.04.

The trial court denied the motion for summary judgment without making findings of fact or giving a rationale for the ruling. It also denied ITI's motion to file the Swiss depositions. The stated reason for denial of the motion to file the Swiss depositions was that they did not seem to have been taken in accordance with Rule 28.02. Specifically, the trial court noted in its memorandum that the person who administered the oath was not authorized to do so under the Rules. The court also noted that those depositions would be open to serious objection at trial. The court concluded by saying:

> The Court believes that its denial of the motion [to file under Rule 5.04] is therefore in order, lest the mere ordering of the filing of them should be interpreted as somehow or other indicating that they may be used at the trial.

Duxor then filed a motion for reconsideration of the denial of summary judgment. At the hearing, the court repeated its concerns about the Swiss depositions. Ultimately, Duxor's motion was again denied without findings or analysis. The court apparently relied on the Swiss depositions in deciding that a fact issue exists. The trial court certified the case for immediate appeal because it felt the issue to be important and doubtful. However, the trial court did not specify the precise question certified for appeal.

■ The Court of Appeals requested that this court hear the appeal. An order

---

1. Only the so-called Swiss depositions were filed with this court on appeal. The so-called Swed-ish depositions were not relied on by the parties, nor were they filed with this court.

removing the case was granted. However, in light of the serious flaws noted by the trial court in the Swiss depositions, the failure to make findings of fact, and the failure to specify the question certified, this court is unable to hear the case. Consequently, this case shall be remanded to the trial court for consideration of the propriety of considering deposition testimony where there may have been no oath. Furthermore, if upon reconsideration, the trial court again chooses to certify the case for immediate appeal, it must make specific findings of fact upon which its ruling is based. *Matter of Kolodrubetz,* 343 N.W.2d 650, 652 (Minn.1984).

■ The trial court must also specify the precise legal question upon which it seeks certification. *See Gruening v. Pinotti,* 364 N.W.2d 907, 909 (Minn.App.1985) (trial court must decide and explain ruling before appellate court will rule). This court will no longer accept certified questions unless the trial court first specifies the question presented.[2] To do otherwise would force this court to speculate as to the reasons for the certification request and would in effect, require the rendering of an impermissible advisory opinion. *See Rude v. Rude,* 283 Minn. 524, 525, 166 N.W.2d 719, 719 (1969); *see also Thompson v. State,* 284 Minn. 274, 277, 170 N.W.2d 101, 103 (1969).

■ Finally, it must be noted that Rule 103.03(h) of the Rules of Civil Appellate Procedure contemplates certification of unusual and doubtful issues. Where there is ample legal authority for deciding an issue, the trial court should normally proceed with the case and the parties should appeal in the ordinary course of events.

---

**2.** This ruling should come as no surprise to the bench and bar. Forewarnings of the imposition of such a requirement have appeared in at least two recent cases. *See Jablonski v. Mutual Ser-* *vice Casualty Ins. Co.,* 408 N.W.2d 854, 855 n. 2 (Minn.1987; *Farmers & Merchants State Bank of Pierz v. Bosshart,* 400 N.W.2d 739, 740 n. 2 (Minn.1987).