Robert O. KING, Respondent,

v.

WATONWAN FARM SERVICE COMPANY, Appellant,

Nelson Ford, Inc., d/b/a Nelson Motors, Defendant.

No. C0-88-1845.

Court of Appeals of Minnesota.

Oct. 11, 1988.

Kurt D. Johnson, Gislason, Dosland, Hunter Malecki, New Ulm, for appellant.

Steven R. Sunde, St. James, for defendant.

Considered at Special Term and decided by WOZNIAK, C.J., and LANSING and KALITOWSKI, JJ. without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Respondent Robert King sued defendant Nelson Ford, Inc. for wrongful termination of his employment and appellant Watonwan Farm Service Company for wrongful interference with his employment relationship with Nelson Ford. Nelson Ford moved for summary judgment claiming King could not recover for wrongful discharge because he was an employee at will. Watonwan Farm moved for summary judgment claiming King failed to state a cause of action because there was no contract between King and Nelson Ford, and even if there was a contract, it was terminable at will and King could not recover for alleged wrongful interference with a terminable at will contract.

By order dated July 13, 1988, the trial court granted Nelson Ford summary judgment and dismissed King's action against Nelson Ford, but denied Watonwan Farm's motion for summary judgment. Subsequently, Watonwan Farm requested, apparently ex parte, that the trial court certify the denial of its motion for summary judgment as important and doubtful pursuant to Minn.R.Civ.App.P. 103.03(h). By order dated August 4, 1988, the trial court issued an amended order reaffirming the July 13 order, but certifying the question as to the denial of the motion for summary judgment is important and doubtful.

Watonwan Farm filed this appeal seeking review of the August 4 order. This court questioned jurisdiction and directed the parties to file memoranda on whether the August 4 order was properly certified as important and doubtful. Memoranda

LeMar Piper, St. James, for respondent.

have been filed. King requests dismissal claiming the matter has been improperly certified since the trial court did not specify the precise legal issue and has not made specific findings of fact. King also claims the matter certified is not important and doubtful.

### DECISION

Generally, if an order is certified as important and doubtful under Minn.R.Civ. App.P. 103.03(h) the trial court must specify the precise legal question upon which it seeks certification and makes specific findings of fact explaining its ruling on that question. *Duxor Investment Aktiengesellschaft v. Investment Rarities, Inc.*, 413 N.W.2d 502, 504 (Minn.1987). In *Duxor Investment* the supreme court stated the "court will no longer accept certified questions unless the trial court first specifies the question presented." *Id.* (footnote omitted).

The supreme court has also emphasized that an order certified pursuant to Minn.R.Civ.App.P. 103.03(h) is appealable only if the order is dispositive of the entire action and the question presented is both important and doubtful. *See Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176 (Minn. 1988). A question is "doubtful" if there is no controlling precedent, or if there is a question of first impression and there is substantial ground for a difference of opinion. *Id.* at 179–80. The determination whether an issue is so "important" as to require certification increases with the probability that resolution of the issue will have statewide impact and the probability of reversal. *Id.* at 180. Whereas, importance decreases with the probability of affirmance, the probability the issue will be rendered moot by trial, or the probability that resolution of the question "will not terminate the action or that reversal will not relieve the parties of any significant burden." *Id.* (citing to 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure § 3930 at 156).

In this case the trial court did not make findings of fact explaining its ruling, nor specified the precise legal question. The certification is defective and the order is not appealable. *Duxor Investment* 413 N.W.2d at 504. This court also finds that the matter certified is not so "important" as to require immediate appellate review. If necessary, Watonwan Farm may obtain review of the trial court's denial of its motion for summary judgment in an appeal from the final judgment adjudicating all remaining claims. This court's conclusion that the matter is not so "important" as to require immediate review does not constitute an expression of an opinion on the merits of Watonwan Farm's motion for summary judgment.

APPEAL DISMISSED.