[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This civil action is a claim of judicial review pursuant to G.L. 1956 (1988 Reenactment) § 42-35-15 of a Decision and Order of the Commission for Human Rights (hereinafter "the Commission") entered on June 27, 1991. The Commission found that the plaintiff had unlawfully terminated Dennis W. Santos (hereinafter "Santos") because of his handicap in violation of § 28-5-7. The Commission ordered the plaintiff to compensate Santos for his lost wages and benefits, with interest, and authorized a fee to Santos' attorney.
This action was commenced on July 23, 1991. The Commission record was not certified to this Court until February 15, 1993. There is no explanation in the record for the failure of both parties to notify the Commission of the pendency of this judicial review. Briefing was completed on August 10, 1993. The matter was assigned to this Justice for decision on September 27, 1993.
The Commission's findings of fact may be summarized as follows: Santos had worked satisfactorily for an employer, which shares warehouse space, trucks and services with the plaintiff, from June 1987 to September 1988. In late September or early October 1988, Santos began working for the plaintiff as a merchandiser. There is a discrepancy in the evidence as to whether the reason for this move was Santos' poor work performance for his former employer. The plaintiff is a beverage distributor and the "stops" are retail beverage establishments. A supervisor employed by the plaintiff assigned a number of "stops" to be serviced by Santos, where he would set up or maintain promotional material. Santos was never warned, orally or in writing, and was never disciplined by the plaintiff for poor work performance during his employment.
On Friday, November 4, 1988, Santos decided to admit himself to a residential substance abuse facility, Good Hope Center, to treat his alcohol and drug dependency. He notified Mr. Ladd Cook that evening, who advised him to have his wife contact Mr. Charles St. George to arrange for his pay. He entered Good Hope Center on Saturday, November 5, 1988. On Monday, November 7, 1988, the plaintiff fired Santos without giving any reason.
The Commission found as a fact that Santos was a "recovering" alcoholic and drug dependent person in treatment when he was fired. They ruled that he was a handicapped person. He was discharged from the treatment program on November 20, 1988.
The plaintiff's president, Mr. William P. Considine, Jr., fired Santos, because a supervising employee, Mr. St. George, recommended it. Mr. St. George recommended firing Santos, who was a probationary employee on a 90-day trial period, because he was sick or did not report to work four full days and three half-days: October 13, 20, 25 and 27 and November 4, 7, 9 and 14; there were periodic complaints about his work; and he was not completing the calls he was assigned. Mr. St. George felt that Santos couldn't handle the job because of the "major" physical work involved. Both Mr. Considine and Mr. St. George claimed that they did not know that Santos was in a treatment center when he was fired. The Commission found that Mr. St. George was not a credible witness.
Santos did not find another job for seven months after he was fired. There was no evidence that he used drugs or alcohol on the job.
I Section 28-5-7 declares that; "It shall be an unlawful employment practice: (1) For any employer: (A) To refuse to hire any applicant for employment because of his or her race or color, religion, sex, handicap, age, or country of ancestral origin, or (B) Because of such reasons, to discharge an employee . . ." (Emphasis supplied.) According to § 28-5-6(7), "The term `handicap' means any physical or mental impairment which substantially limits one or more major life activities. . . As used in this subdivision (sic) the phrase: (A) `Physical or mental impairment' means . . . any mental or psychologicaldisorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities. (B) `Major life activities' means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." (Emphasis supplied.)
The plaintiff contends that alcohol dependence, commonly referred to as alcoholism, and cocaine dependence are not handicaps as defined in the statute. It points to ProvidenceJournal Co. v. Mason, 116 R.I. 614, 359 A.2d 682 (1976) as authority for the proposition that, because they are not expressly included by name in the statutory definition, alcoholism and cocaine dependence are not handicaps. In that case the Supreme Court held that the statute, as it then read, did not include a whiplash injury in the meaning of handicap, even though, if read literally, such an injury would appear to be so included. The court held that the specified physical infirmities in the statute described serious injuries or impairments of more than a temporary nature. By specifying injuries of that class as examples of handicaps the General Assembly was held to have intended to exclude infirmities in any other less serious or temporary class. The statute has been substantially amended since the Providence Journal Company case. It now includes mental as well as physical impairments in the definition of handicap and mental or psychological disorders are now part of the definition of physical or mental impairments.
Alcohol and cocaine dependence are well-recognized mental or psychological disorders. See, Diagnostic and StatisticalManual of Mental Disorders, Third edition, revised 1987, (DSM — IIIR), pp. 173-179. It is appropriate to refer to Federal decisions construing Title VII of the Civil Rights Act of 1964.Newport Shipyard, Inc. v. Rhode Island Commission for HumanRights, 484 A.2d 893, 898 (R.I. 1984). Federal courts have consistently held that alcoholism is a handicapping condition under the Federal Rehabilitation Act of 1973. Rodgers v.Lehman, 869 F.2d 253, 258 (4th Cir. 1989). Although that Act has been amended to exclude alcoholics and drug addicts whose current abuse prevents the proper performance of their jobs, it is clear that the definition of handicap in the Federal Act is otherwise substantially similar to the definition of handicap in the Rhode Island statute. The amendment did not specifically include
alcoholism as a handicap, it excluded certain alcoholics from the benefit of the Act, notwithstanding their handicap. Cf.Davis v. Bucher, 451 Supp. 791, 795-96 (D.C.E.D. Pa. 1978) (construing Act prior to amendment as including alcoholism in definition of handicap).
Other jurisdictions with various statutory definitions of "handicap" or "disability" have found alcoholism to be a protected condition in employment discrimination legislation.Clowes v. Terminix International, Inc., 109 N.J. 575,538 A.2d 794 (1988); Hazlett v. Martin Chevrolet, Inc., 25 Ohio St.3d 279, 496 N.E.2d 478 (1986); Consolidated Freightways, Inc. v.Cedar Rapids Civil Rights Commission, 366 N.W.2d 522 (Iowa 1985). Some jurisdictions have left the decision on this issue to their legislatures. Phillips v. City of Seattle, 766 P.2d 1099
(Wash. 1989). Another court has declined to include alcoholism because its legislature had subsequently to the claim before it specifically amended the statutory definition of handicap to include alcoholism. Gruening v. Pinotti, 392 N.W.2d 670 (Minn. 1986).
The Commission, itself, has held that alcoholism is a handicap since 1982. The construction of a statute by the administrative agency charged with the enforcement of that statute is entitled to great weight by the Court. BerkshireCablevision of Rhode Island, Inc. v. Burke, 488 A.2d 676, 679 (R.I. 1985). The great weight of authority and plain common sense dictates that alcoholism and drug dependence, which do not prevent the alcoholic or drug dependent person from fulfilling the requirements of employment, are handicaps.
II
The plaintiff argues that the Commission's finding that it fired Santos because of his handicap is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. The Commission followed the evidentiary analysis prescribed in Texas Department of Community Affairs v. Burdine,450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), which has since been rendered obsolete by the enactment of § 28-5-7.3 inP.L. 1992 Ch. 447, § 2. All a complainant need now do to be entitled to relief is to prove by a fair preponderance of all the evidence, including circumstantial or inferential evidence, that a prohibited classification, such as handicap in this case, wasa motivating factor for any employment practice.
The Commission found that the plaintiff's evidence of Santos' tardiness and absences was not credible. There were only two complaints about his work and they were not major. The plaintiff never warned or disciplined Santos. Accordingly, the Commission totally rejected the plaintiff's claim that it fired Santos because he wasn't able to meet the requirements of the job.
On the other hand, the timing of Santos' firing is very close to his entry into the treatment program. From that timing, combined with the rejection of the proffered reason for firing, the Commission found that Santos was fired because he was in treatment for alcoholism and drug abuse. This Court does not substitute its judgment on the weight of the evidence for that of the Commission. St. Pius X Parish Corporation v. Murray,557 A.2d 1214, 1218 (R.I. 1989). There is evidence in the record from which the Commission was fully justified in finding that Santos was fired because of his handicap. The Decision and Order of the Commission is affirmed.
The defendant will present a form of judgment.