**David D. VEZINA, Employee,**

v.

**BEST WESTERN INN, MAPLEWOOD, Employer,**

and

**State Fund Mutual Insurance Company, Insurer,**

and

**Allina Health Systems/United Hospital, Intervenor.**

No. C6–99–1196.

Supreme Court of Minnesota.

Oct. 18, 1999.

## ORDER

The above-entitled matter is before us by certification order of the Chief Administrative Law Judge dated July 8, 1999, pur-

**192**

suant to Minn.Stat. § 176.325 to answer the following questions:

1.   Whether the $13,000 limit on attorney fees for attorneys representing employees pursuant to Minn.Stat. § 176.081 is constitutionally valid; and

2.   What is the proper method of reduction of permanent total disability benefits upon application of the Social Security offset pursuant to Minn.Stat. § 176.101, subd. 4?

Both questions involve changes in the workers' compensation law occasioned by the 1995 legislative revisions.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that certification of the validity of the $13,000 limit on attorney fees for attorneys representing employees pursuant to Minn.Stat. § 176.081 is declined and the matter remanded to the compensation judge in light of *Irwin v. Surdyk's Liquor*, 599 N.W.2d 132 (Minn.1999).

IT IS FURTHER ORDERED that certification of the method of reduction of permanent total disability benefits upon application of the government benefits offset pursuant to Minn.Stat. § 176.101, subd. 4 is declined as not appropriate for certification review and the matter remanded for further proceedings. *See Jacka v. Coca–Cola Bottling Co.*, 580 N.W.2d 27, 30 (Minn.1998); *Emme v. C.O.M.B.*, 418 N.W.2d 176, 179–80 (Minn.1988); *F & H Investment Co. v. Sachman–Gilliland Corp.*, 305 Minn. 155, 158, 232 N.W.2d 769, 772 (1975).

BY THE COURT:

Joan E. Lancaster

Joan E. Lancaster
Associate Justice