**Peter W. MORTON, Respondent,**

v.

**Gregg N. DYSTE, M.D., Appellant.**

**No. C8–00–381.**

Court of Appeals of Minnesota.

Aug. 29, 2000.

Mark A. Hallberg, MacKenzie & Hallberg, P.A., Minneapolis (for respondent).

William H. Leary, III, Kyle M. Thomas, St. Paul (for appellant).

Considered and decided by HARTEN, Presiding Judge, PETERSON, Judge, and PARKER, Judge.*

## OPINION

HARTEN, Judge

The district court denied appellant's motion for summary judgment and purported to certify a question as important and doubtful pursuant to Minn. R. Civ.App. P. 103.03(h). Because the district court did not specify the precise legal question being certified, we dismiss the appeal.

## FACTS

Between August 27, 1995, and September 26, 1995, appellant Gregg N. Dyste, M.D., treated respondent Peter W. Morton for a spinal cord injury. The treatment was unsuccessful and respondent became a C3–4 quadriplegic; he is respirator-dependent. At the time of the treatment, the statute of limitations for medical malpractice claims was two years. Minn.Stat. § 541.07(1) (1994). In 1999, Minn.Stat. § 541.076 (Supp.1999), increased the statute of limitations from two to four years.

On August 26, 1999, respondent sued appellant, alleging medical malpractice. Appellant moved for summary judgment, arguing that respondent's claim was time-barred. The district court denied the motion and purported to certify a question as important and doubtful pursuant to Minn. R. Civ.App. P. 103.03(h).

## ISSUE

Did the district court specify the precise legal question being certified?

## ANALYSIS

 Minn. R. Civ.App. P. 103.03(h) provides that an appeal may be taken from an order that denies a motion for summary judgment "if the trial court certifies that the question presented is important and doubtful[.]" It is the district court's responsibility to determine whether an issue merits certification. *State v. Anderson*, 300 N.W.2d 172, 172 (Minn.1980). In making that determination, the district court must make a reasoned inquiry as to whether the issue comports with the rule, i.e., whether the issue is in fact "important and doubtful." *See Jostens, Inc. v. Federated Mut. Ins. Co.*, 612 N.W.2d 878, 884 (Minn. 2000) (listing the factors district courts should consider when determining whether an issue is important and doubtful). The appellate court has a duty to ensure compliance with certification requirements.

> [Appellate courts] will no longer accept certified questions unless the trial court first specifies the question presented. To do otherwise would force [appellate courts] to speculate as to the reasons for the certification request and would in effect, require the rendering of an impermissible advisory opinion.

*Duxor Inv. Aktiengesellschaft v. Investment Rarities, Inc.*, 413 N.W.2d 502, 504 (Minn.1987).

> [The requirement for a specific certified question] should come as no surprise to the bench and bar. Forewarnings of the imposition of such a requirement have appeared in at least two recent cases. *See Jablonski v. Mutual Serv. Cas. Ins. Co.*, 408 N.W.2d 854, 855 n. 2 (Minn. 1987) and *Farmers & Merchants State Bank of Pierz v. Bosshart*, 400 N.W.2d 739, 740 n. 2 (Minn.1987).

*Id.* n. 2. *See also F. & H. Inv. Co. v. Sachman–Gilliland Corp.*, 305 Minn. 155, 157–58, 232 N.W.2d 769, 772 (1975) (holding that "[t]he certification should be carefully and precisely framed so as to present distinctly and clearly the question of law involved and should not be presented until

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

the record is developed to the point where the question is relevant and presents a substantive issue") (quotation and citation omitted); *King v. Watonwan Farm Serv. Co.*, 430 N.W.2d 24, 26 (Minn.App.1988) (dismissing certified question because "the trial court did not make findings of fact explaining its ruling, nor specified the precise legal question").

■ Here, the district court order simply provides

that the issue presented in the attached Court Order Denying Motion for Summary Judgment, dated December 6, 1999, presents an issue which is important and doubtful * * *.

The order states only that "[appellant's] motion to dismiss is denied," and the attached memorandum of law does not specify a precise legal question. Accordingly, the purported certification is defective.

## D E C I S I O N

Because certification is defective, we dismiss the appeal.

**Appeal dismissed.**