Moody & Perkins v. Stephenson.

Ames & Van Etten, Counsel for Appellants.

Geo. A. Nourse, Esq., Counsel for Respondent.

[The judgment of the District Court was reversed, but no opinion is found on file.]

———————

Moody & Perkins, Plaintiffs in Error, *vs.* Charles L. Steph- enson, Defendant in Error.

The words " all *penal* judgments " &c. in Section 2, Chapter 81 Revised Statutes of Minnesota, should read : " all *final* judgments."

The effect of Section 2, Chapter 81 Revised Statutes is to allow all final judgments in the District Courts to be removed to the Supreme Court by writ of Error, or Appeal, but not by both.

26

A party may take either an Appeal or a writ of Error: but having made his election and taken either, he cannot afterwards take the other, without first discontinuing the first and paying costs.

Where an Appeal and writ of Error were both taken in the same cause, the writ of Error was dismissed with costs to the Defendant in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

This was a motion to dismiss the writ of Error issued in the above-entitled cause, upon the ground that an appeal had already been taken thereon.

AMES & VAN ETTEN, Counsel for Plaintiffs in Error.

GEO. A. NOURSE, Counsel for Defendant in Error.

*By the Court.*—CHATFIELD, J.   Stephenson, the Defendant in Error, recovered judgment in the District Court against Moody & Perkins, and they appealed to this Court.   After the Appeal was taken, Stephenson sought to enforce the judgment notwithstanding the Appeal, by a compliance with the provisions of section 18 of chapter 81 of the Revised Statutes. Moody & Perkins then sued out a writ of Error upon the judgment, and gave the necessary security to effect a Supersedeas.   Upon this state of facts, the Defendant in Error moves to dismiss the writ of Error, and for judgment for costs.   The question made by the motion is this:   Can a party remove a judgment in the District Court to this Court by both writ of Error and Appeal?  can both be sustained?

Chapter 81 of the Revised Statutes, page 413, provides two modes for the removal of judgments from the District Court to the Supreme Court—one by Appeal: the other by writ of Error.   Section 1 of that chapter provides that "a judgment "or order in a civil or criminal action in any of the District "Courts may be removed to the Supreme Court, as provided "in this chapter."   Section 2 of the same chapter is in these words:  "All penal judgments in the District Courts may be "examined and affirmed, reversed or modified by the Supreme "Court, or, if necessary, a new trial may be ordered; such ex-"amination may be had upon a writ of Error or Appeal as "hereinafter provided."   The word "penal" in section 2 is

probably a typographical error: *final* should be the word to make that section consistent with the manifest design of the chapter,—the design to subject all judgments in the District Courts to removal to the Supreme Court. The definitions of actions contained in Section 1 clearly embrace penal actions; no separate section was therefore necessary to bring mere *penal* judgments within the provisions of the chapter. Section 2 is the only one in the chapter that declares the modes or means of removing judgments from the District Courts to the Supreme Court, and, strictly construed according to its exact words, allows a writ of Error or Appeal in cases of *penal* judgments only. The error is thus manifest, and it is equally clear that the substitution of the word *final* for the word "penal" would render the whole chapter effectual and consistent with its intent and purposes.

The effect of Section 2, then, is to allow "all *final* judgments" in the District Courts to be removed to the Supreme Court "by writ of Error or Appeal,"—but not by both. They are separate remedies: and the party seeking relief against error in a judgment of the District Court may take either, at his election. Having made his election and taken either, he cannot afterwards take the other, unless he first discontinue the one first chosen and pay the costs thereon. The language of the Statute providing these remedies is in the alternative, and must by its very terms be so construed as to give a party only a choice between the two; and the propriety and justice of such construction is very palpable. A construction allowing a party to take both remedies at the same time would subject the opposite party to be harrassed and oppressed by a plurality of suits for the same cause, and the Court to an unnecessary waste of time and labor in hearing repeated arguments and making repeated decisions upon the same matter: for if both can be entertained, both must be heard and decided, and the judgment be thus duplicated. Such a construction cannot be tolerated. As well might a party bring two or more original actions for the same cause at the same time. The writ of Error must be dismissed, and the Plaintiffs in Error should pay to the Defendant in Error ten dollars for the costs of the motion to dismiss.

The Defendant in Error also claims that he is entitled to· judgment for the costs upon the writ of Error in this Court.. I think he is entitled to such judgment. The issuing of a writ of Error is the commencement of a suit to review the judgment in the District Court. The writ issues, of course, and the party who sues it out takes it at his peril. This Court has jurisdiction of the writ, and, through it, of the subject-matter and the parties. There is no want of jurisdiction, and the only reason why the Court will not proceed to judgment upon the merits of the record brought up by it is that another proceeding allowed by law for the same purpose—an appeal—had, before the issuing of the writ of Error, been selected and taken by the party who sued out the writ. The Appeal pending at the time the writ of Error issued, operates as an abatement of the suit on the writ of Error. The Defendant in Error,—who alleges the Appeal as an abatement of the suit on the writ, or, what is tantamount to it, a cause for dismissing the writ,—is entitled to judgment for costs to the same extent that the Defendant would be upon judgment in his favor on a plea of pendency of a former suit for the same cause in abatement in an original action. It seems to me that they stand upon the same principle. I do not see any obstacle in the way of rendering such a judgment for costs, and think it is just that the Defendant in Error should have it and that the Plaintiffs in Error should pay it.

Order accordingly.