## S. D. KARNS, Plaintiff in Error, *vs.* CHRISTIAN W. KUNKLE, Defendant in Error.

1. A writ of Error will lie upon a judgment by default; but where parties have been personally served with process, and permit errors in the Court below to pass unnoticed, and suffer default, this Court will not regard writs of Error upon such judgments with favor.

2. Upon such a writ, the Court will consider defects in pleadings which would have been fatal on general demurrer, or those specified under Section 65, page 337 Revised Statutes; but whether the omission to plead in the Court below will not preclude a party personally served with process from assigning any error in law or fact not apparent upon the face of the record, of which he might have availed himself by plea to prevent the recovery of the judgment,—*quere.*

3. All *final* judgments may be removed to the Supreme Court by writ of Error; and this is the proper construction of Section 2, Chaper 81 Revised Statutes.

4. Judgments of sister States are regarded as foreign judgments, so far as the question of jurisdiction is concerned. In regard to such, the jurisdiction cannot be presumed, but must be expressly alleged. Jurisdiction is a probative fact, and if denied must be proved; but it cannot be proved unless it is alleged.

5. Section 77, page 339 Revised Statutes of Minnesota does not change this rule. The "judgment or determination" referred to in that section is that of a "Court or officer of special jurisdiction," and none other; and its only object was to change the general rule in the particular case to which it is expressly applied, to wit: that of a Court or officer of *special* jurisdiction.

This was a writ of Error to the District Court of Hennepin County.

Kunkle, the Plaintiff below, in his complaint alleges, "that on the 16th day of September, 1853, the Plaintiff did recover a final judgment in the Court of Common Pleas in the County of Dauphin, and State of Pennsylvania, against the Defendant, for the sum of One Hundred and Ninety-Six Dollars and two cents; and that said judgment is now in full force, and not waived, appealed from, or satisfied either in whole or in part, and that said judgment was properly and duly made, given and rendered; and that said Defendant remains, and is, indebted" &c., with prayer for judgment, &c.

The summons in the action was served personally upon the Defendant, and judgment was entered against him upon default; and thereupon the Defendant sues out his writ of Error.

The following are the points and authorities relied upon by Counsel for Plaintiff in Error:

The Court below erred in entering and rendering judgment in said action on the Plaintiff's complaint therein, in that—

*First.* That the said complaint does not state facts sufficient to constitute a cause of action.

1. Because there is no averment in said complaint that the judgment therein named and described, as the cause of action, was rendered by a Court of competent jurisdiction: nor is there any averment from which said jurisdiction may be inferred; and jurisdiction is not presumed—it must be shown. *Story on Conflict of Laws*, secs. 585–90, 606, 608–9, 539, 547; *Noyes vs. Butler*, 6 *Barb.* 613; *Shumway vs. Stillman*, 6 *Wend.* 448; *Packard vs. Hill*, 7 *Cow.* 434; *Borden vs. Fitch*, 15 *John.* 442; *Robinson vs. Ward's Exec'trs*, 8 *John.* 86; *Rose vs. Heinley*, 4 *Cranch*, 241; *Bank of Australia vs. Nais*, 16 *Queen's Bench*, 717.

*Second.* That the affidavit upon which the judgment was entered is insufficient.

The following are the points and authorities relied upon by the Counsel for Defendant:

*First.* A writ of Error to the Supreme Court upon a judgment by default will not lie and should be dismissed. *Colden, Plaintiff in Error, vs. Knickerbocker, Defendant in Error,* 2 *Cowen,* 31; *Alexander vs. Hayden,* 2 *Missouri,* 211; *Lord vs. Pierce,* 33 *Maine (3d Red.)* 350; *Can vs. Coopwood,* 24 *Miss.* 256. ·

*Second.* To allow writs of Error in such a case would be equivalent to allowing the writ from a voluntary non-suit, and writs of Error will not lie upon a voluntary non-suit. *Union Bank vs. Can,* 2 *Humph.'s,* 345; *Ewing vs. Gildwell,* 3 *How. Miss.* 332; *Trice vs. Smith,* 6 *Yerg.* 319; *Howell vs. Putnam,* 5 *Missouri,* 246; *Atkinson vs. Lane,* 7 *Miss.* 405; *Kelsey vs. Ross,* 6 *Black,* 536; *ib.* 555; *O'Dougherty vs. Aldrich,* 5 *Denio,* 385; *Kent vs. Hunter,* 9 *Geo.* 207.

*Third.* The proceedings in the case are regular, and the allegations in the pleadings sufficient. See case, and *Revised Statutes, p.* 339, *sec.* 77.

COOPER & McMILLAN, Counsel for Plaintiff in Error.

SANBORN, FRENCH & LUND, Counsel for Defendant in Error.

*By the Court*—I. ATWATER, J. This is a writ of Error, brought upon a judgment by default, obtained by the Defendant in Error in the Third Judicial District. The Defendant in Error objects here that a writ of Error will not lie upon a judgment by default; and this question must necessarily first be considered in determining the case. The statute in relation to writs of Error is brief and very unsatisfactory in relation to the office of such writs, and to what extent errors in the Court below may be considered under them. Section 22 of page 416 Revised Statutes merely provides that " writs of Error in civil and criminal cases may issue of course out of the Supreme Court of this Territory, in vacation as well as in term," &c. and the subsequent sections only relate to the security to be given

upon the issuing of such writs and the judgment and costs of the prevailing party. In the case of *Moody and Perkins vs. Stephenson*, 1 *Minn. Rep.* 401, the Supreme Court have held that *all final judgments* may be removed to this Court by writ of Error, which is doubtless the proper construction of Section 2, Chapter 81 Revised Statutes.

The authority cited by the Defendant in Error from 2 *Cow.* 31, is not applicable to this case. The rule there laid down applied only to the Court of Errors of the State of New York, and not to the Supreme Court of that State. The reasons there given against sustaining writs of Error on judgments by default might apply with equal force to this Court, except for express provisions of statute, which must control. The subject is discussed by Duer, J. in *Kanouse vs. Martin*, 3 *Sand. Sup. C. R.* 653, in which a motion to dismiss a writ of Error and judgment by default was denied; and much of the reasoning of the learned Justice in that case is applicable to the one at bar. Yet writs of Error upon judgments by default will not be looked upon with favor by this Court, as it is a practice not to be commended that a party personally served with process should permit errors to pass unnoticed, without actual adjudication from the Court below, and then bring his writ to have them corrected in this Court. And in such a case the important question may arise, whether the omission of the party to plead in the Court below may not preclude him from assigning any error in law or fact not apparent on the face of the record of which he might have availed himself, by plea to prevent the recovery of the judgment. Where the objection is to the pleading, it would seem but reasonable in such cases that no defect should be regarded in this Court except such as would have been fatal on general demurrer under the old system of pleading, or those specified under Section 65, page 337 Revised Statutes. In the present instance, the objections of the Plaintiff in Error fall under that section. The action below was brought upon a judgment in the Court of Common Pleas in Dauphin County, State of Pennsylvania. The Complaint does not allege that the Court had jurisdiction either of the person of Defendant or subject-matter of the suit, but states "that said judgment was properly and duly made, given and ren-

dered," and is still unsatisfied, &c.   The Plaintiff in Error objects that the complaint does not state facts sufficient to constitute a cause of action, in that there is no averment in said complaint that the judgment therein named and described as the cause of action was rendered by a court of competent jurisdiction, nor is there any averment from which such jurisdiction may be inferred.

The objection is well taken.   Judgments of sister States are regarded as foreign judgments—at least so far as the question of jurisdiction is concerned.   In regard to such, the rule is well settled that jurisdiction cannot be presumed but must be expressly alleged.   It is as necessary a fact to be stated as that a judgment was obtained.   Jurisdiction is a probative fact: if denied, it must be proved; but it cannot be proved unless alleged, for the Plaintiff can only recover " *secundum allegata et probata.*"   He can *prove* no material fact which the complaint does not allege.   *Gould's Plead. p.* 172, *sec.* 7; *also, secs.* 11, 12, *p.* 175; *Chit. Plead. vol.* 1 *p.* 255; *Borden vs. Fitch,* 15 *John.* 121; *Frary vs. Dakin,* 7 *John.* 75; *Story's Conflict of Laws, secs.* 586–90, 606–9; *Packard vs. Hill,* 7 *Cow.* 434. The authorities on this subject are so numerous and uniform that we think it will hardly be contended but that, under the system of pleading which prevailed in most or all of the States before the adoption of the Code, it was necessary to allege in pleading a judgment of a sister State that the Court rendering such judgment had jurisdiction of the subject-matter and person of the Defendant.

But it is claimed by the Defendant in Error that Section 77, page 339 Revised Statutes has changed the rule, and that in pleading such a judgment under the Code it is now only necessary to state that " such judgment or determination " was duly given or made.   This we think a mistake.   The "judgment or determination" spoken of in that section is clearly that of a " Court or officer of special jurisdiction," and none other.   The object of this statute does not seem intended to change the general rule on the subject of pleading save in the particular case to which it is expressly applied, to wit: that of a Court or officer of *special* jurisdiction.   Formerly, it was necessary in pleading such judgments to set out all of the facts

conferring jurisdiction—frequently a matter of much trouble and inconvenience, and usually unnecessary. The statute in terms is only applicable to such judgments, and seems only intended to remedy this evil; and to give it the latitude claimed for it by the counsel for the Defendant in Error would be contrary to the settled rules of construction. It was held in *Hollister vs. Hollister*, 10 *How. Pr. R.* 539, on a statute precisely like our own, that it does not apply to foreign judgments; and it would seem to follow that a general averment of jurisdiction of a foreign tribunal would not be sufficient." In *Wheeler &c. against Dakin*, 12 *How. Pr. Rep.* 537, this statute is considered as applying expressly, and—by inference, at least—*only* to courts of limited jurisdiction. The same application of the statute is found in *Hunt and others vs. Ducher*, 13 *How.* 538. And we find not a single authority giving it a more extended application, nor was any cited in the argument. In the case at bar, there is nothing to inform this Court whether the Court of Common Pleas of Dauphin County is a court of general or special jurisdiction. If the latter, then, according to the authority above cited in Hollister vs. Hollister, the pleading is not good; and if the former, from our view of the proper construction of the section, the pleading is equally defective, and the judgment cannot be sustained.

Judgment below reversed, with costs of writ of Error.

Ch. J. EMMETT dissents.