**Lyle EMME, as parent and natural guardian of Christopher Emme, and Christopher Emme, Respondents (C5–87–1264), Appellants (C6–87–1340),**

v.

**C.O.M.B., Inc., et al., Respondents,**

**Airdart, Inc., et al., Appellants (C5–87–1264), Respondents (C6–87–1340).**

Nos. C5–87–1264, C6–87–1340.

Supreme Court of Minnesota.

Jan. 22, 1988.

James T. Martin, Edina, for Airdart, Inc., et al.

Lawrence J. Skoglund, Minneapolis, for C.O.M.B., Inc., et al.

Roger A. Johnson, Minneapolis, for Emme's.

COYNE, Justice.

This products liability action arises out of an eye injury sustained by a 12–year–old boy while playing with a velcro dart game manufactured by Airdart, Inc., a subsidiary of Dynatec International, Inc., distributed by Atwood Richards, Inc., and sold by C.O. M.B., Inc. The manufacturer appeals from an order denying a motion for partial summary judgment. The plaintiff filed a notice of review in the manufacturer's appeal and also filed a separate appeal from an order denying reinstatement of two defendants previously dismissed from the action. The appeals were consolidated and, upon certification of the court of appeals, this court granted accelerated review. We dismiss both appeals.

The complaint sets out three counts: counts I and II allege a violation of the Safe Toys Act, Minn.Stat. §§ 325F.08–.17 (1986); count III alleges negligent design and failure to warn of the danger of a hazardous toy. Airdart, the manufacturer, and Dynatec, its parent company, moved for summary judgment with respect to counts I and II only on the ground that the Safe Toys Act does not provide a civil remedy. The district court denied the motion, ruling that the applicability of Minn.Stat. § 325F.08 (1986)—i.e., whether there had been a violation of the Safe Toys Act— presented a question of fact. The court went on to declare that the Safe Toys Act imposes absolute liability for any injury resulting from violation of the Act.

Contemporaneously, the court granted the motion of Atwood, the distributor, and C.O.M.B., the retailer, for dismissal pursuant to Minn.Stat. § 544.41 (1986), which limits the liability of non-manufacturers in products liability actions.

Later, at the request of Airdart and Dynatec, the district court amended its order by certifying as important and doubtful the following question:

If the velcro dart game, as manufactured and sold by the Defendants, presented a "mechanical hazard" in violation of M.S. A. 325F.08, does such violation result in the imposition of absolute liability?

As a part of the amended order, the court denied plaintiff's motion to reinstate Atwood and C.O.M.B. as defendants.

Airdart and Dynatec appealed from the amended order denying their motion for partial summary judgment. Plaintiff appealed from that part of the order denying his motion to reinstate Atwood and C.O.M. B. as defendants, then noticed review of that same part of the order in Airdart's appeal.

Before Minnesota became a state, the Minnesota Supreme Court concluded that the statutory provision for appeal from "penal" judgments was intended to make "final" judgments of the district court subject to appellate review. *Moody v. Stephenson*, 1 Minn. 401, 403 (Gil.289) (1857). Over the intervening years this court has, on the one hand, almost peremptorily asserted jurisdiction with the observation that appellate jurisdiction "has been generally understood to mean that, in all judicial proceedings, the judgment which finally determines the rights of the parties is subject to review by this court," *County of Brown v. Winona & St. Peter Land Co.*, 38 Minn. 397, 399, 37 N.W. 949, 950 (1888), and has, on the other hand, consistently dismissed appeals from orders that did not finally determine either the action or some positive legal right of the appellant relating to the action. *Financial Relations Bd., Inc. v. Pawnee Corp.*, 308 Minn. 109, 110, 240 N.W.2d 565, 566 (1976); *Weinzierl v. Lien*, 296 Minn. 539, 209 N.W.2d 424 (1973); *Kempf v. Kempf*, 287 Minn. 529, 177 N.W. 2d 40 (1970). Today the policy regarding the finality of judgments is reflected in Rule 104.01, Minn.R.Civ.App.P.

Minnesota has, however, long recognized certain exceptions to the general rule of finality. The Rules of Civil Appellate Procedure and their statutory predecessors have provided for appeals from certain interlocutory orders, such as orders dealing with injunctions, Rule 103.03(b), and historically, by judicial decision this court has protected fundamental rights from encroachment by interlocutory orders. *E.g., Hunt v. Nevada State Bank*, 285 Minn. 77, 88, 172 N.W.2d 292, 300 (1969), *cert. de-*

*nied,* 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed. 2d 423 (1970) (order denying motion to dismiss for lack of personal jurisdiction: A person should not be required to defend an action before a tribunal that does not have jurisdiction over that person). Basically, however, the thrust of the rules governing the appellate process is that appeals should not be brought or considered piecemeal. *Patton v. Minneapolis Street Ry.,* 245 Minn. 396, 398, 71 N.W.2d 861, 862 (1955). The purpose of the policy is not only to conserve judicial resources but to expedite trial proceedings. *Pierce v. Foley Bros., Inc.,* 283 Minn. 360, 368, 168 N.W.2d 346, 351 (1969); *Village of Roseville v. Sunset Memorial Park Ass'n, Inc.,* 262 Minn. 108, 109, 113 N.W.2d 857, 858 (1962). Pretrial appeals may cause disruption, delay, and expense for litigants; they also burden appellate courts by requiring immediate consideration of issues which may become moot or irrelevant by the end of trial. Finally, requiring complete disposition of the case prior to appeal protects the strong interest in allowing trial judges to supervise pretrial and trial procedures without undue interference. *Stringfellow v. Concerned Neighbors in Action,* — U.S. —, —, 107 S.Ct. 1177, 1184, 94 L.Ed.2d 389 (1987). *See also Washington Wildlife Preservation, Inc. v. State,* 329 N.W.2d 543, 544 n. 1 (Minn.), *cert. denied,* 463 U.S. 1209, 103 S.Ct. 3540, 77 L.Ed. 1390 (1983).

The policy is served, albeit indirectly, by Rule 103.03(h), Minn.R.Civ. App.P., which provides that an appeal may be taken:

> [I]f the trial court certifies that the question presented is important and doubtful, from an order which denies a motion to dismiss for failure to state a claim upon which relief can be granted or from an order which denies a motion for summary judgment.

Where the facts are stipulated or undisputed and the case turns on a legal question which is both important and doubtful, judicial economy may be served by the availability of appellate review regardless

whether the motion is granted or denied. An order granting summary judgment or a Rule 12.02(5) motion is not appealable, *Shema v. Thorpe Bros.,* 238 Minn. 470, 471, 57 N.W.2d 157, 158 (1953), but summary judgment or a judgment of dismissal entered pursuant to that order may be appealed. Rule 103.03(a), Minn.R.Civ.App.P. Similarly, if the lower court denies the motion for dismissal or summary judgment but is of the opinion that the question is important and doubtful and that there is a fair probability of reversal on appeal, then certification of the question and appeal from the order may relieve the parties of the burden and expense of trial. The same cannot be said, however, for a motion which seeks disposition of less than the entire action. Whether granted or denied it is not a motion for dismissal or summary judgment.[1] If granting the motion results in an adjudication of fewer than all the claims or the rights and liabilities of fewer than all the parties, appeal must ordinarily await the entry of a judgment which adjudicates all remaining claims and the rights and liabilities of all remaining parties. *Erickson v. General United Life Ins. Co.,* 256 N.W.2d 255, 259 (Minn.1977). Rule 104.01, Minn.R. Civ.App.P. If the motion is denied, certification of the question does not convert the order into an order appealable pursuant to Rule 103.03(h), Minn.R.Civ.App.P., but only frustrates the policy of the rule: appeal would delay the trial, but reversal would not obviate it. In that rare case in which there is compelling reason for immediate appeal, the petition for discretionary review is available. Rule 105.01, Minn.R.Civ. App.P.

Furthermore, not every vexing question is important and doubtful. We have recently noted that trial courts appear to be focusing more on the "doubtful" aspects of the question than on the "important" aspects. *Jablonski v. Mutual Service Casualty Ins. Co.,* 408 N.W.2d 854, 855–56 n. 2 (Minn.1987). A question is "doubtful" only if there is no controlling precedent. *See Rude v. Rude,* 283 Minn.

---

1. It may be observed that neither the Rules of Civil Procedure nor the Rules of Civil Appellate Procedure recognize a motion for "partial summary judgment."

524, 525, 166 N.W.2d 719, 720 (1969). That the question is one of first impression is not, however, of itself sufficient to justify certification as doubtful; the question should be one on which there is substantial ground for a difference of opinion. *Daetwyler Corp. v. Meyer*, 575 F.Supp. 280, 283 (E.D.Pa.1983).[2] *See also* 16 C. Wright, A. Miller, E. Cooper, & E. Gessman, *Federal Practice and Procedure* § 3930 at 157 (1977) [hereinafter *Federal Practice and Procedure* ].

In addition to being "doubtful," the question must be "important." Importance depends in large measure on a weighing of probabilities. Importance increases with the probability that resolution of the question will have statewide impact and the probability of reversal. *See In re Pyramid Co. of Burlington*, 141 Vt. 294, 301–02, 449 A.2d 915, 921 (1982). It increases with the length of the proceedings terminated by reversal and with the amount of harm inflicted on the parties by a wrong ruling by the trial court. Importance decreases with the probability of affirmance, the probability that trial will moot the issue, or the probability that a resolution at variance with that of the trial court will not terminate the action or that reversal will not relieve the parties of any significant burden. *See* 16 *Federal Practice and Procedure* § 3930 at 156. In short, Rule 103.-03(h) was designed neither as a substitute for the normal appellate process nor as a method for submitting speculative or hypothetical questions or for securing advisory opinions. *Jablonski*, 408 N.W.2d at 855–56 n. 2; *Rude*, 283 Minn. at 525, 166 N.W.2d at 719; *State v. Moller*, 276 Minn. 185, 187, 149 N.W.2d 274, 276 (1967).

Here, defendants Airdart and Dynatec moved for summary judgment with respect only to counts I and II of the complaint. Regardless of the outcome of that motion, the allegations of count III—negligent design and failure to warn of the danger of a hazardous toy—remain for trial.

Moreover, the question certified is not the question presented by the motion, which was based on the contention that the Safe Toys Act does not provide a civil remedy. Denial of the motion on the ground that whether there had been a violation of the Safe Toys Act was a question of fact implies a determination that liability may be based on a violation of the statute. The question certified, however, is not whether liability may be based on a violation of the Act but whether a violation results in absolute liability. While the answer to that question may enhance the possibility of settlement, it is apparent that it will not dispose of the action and may, in fact, become moot or irrelevant by the end of trial if the matter is not sooner settled. Furthermore, it seems to us to be neither important nor doubtful as those terms are used in Rule 103.03(h). The appeal is premature and is, therefore, dismissed.

The plaintiff appealed from that part of the order denying his motion to reinstate Atwood and C.O.M.B. as defendants and also noticed review of that order in the Airdart appeal. The order denying reinstatement is, of course, nonappealable and since we have dismissed Airdart's appeal, we have no occasion to entertain plaintiff's notice of review. We do note, however, that dismissal of these appeals is without prejudice to the plaintiff's right to "move to vacate the order of dismissal and reinstate the certifying defendant[s]" pur-

---

**2.** The analogous federal rule, 28 U.S.C. § 1292(b), requires "substantial ground for difference of opinion":

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litiga-

tion, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

suant to Minn.Stat. § 544.41, subd. 2 (1986).

Appeals dismissed.