**In the Matter of the WELFARE OF the CHILD OF: L.M.L. and S.B.L., Parents.**

No. A06–1867.

Court of Appeals of Minnesota.

April 24, 2007.

Kristine A. Anderson, Loftness & Anderson, Shakopee, MN, for appellant child.

Michael A. Fahey, Carver County Attorney, Kevin G. Cedergren, Assistant County Attorney, Chaska, MN, for respondent Carver County.

Mark D. Fiddler, Fiddler Law Office, Minneapolis, MN, for respondent guardian ad litem.

L.M.L., S.B.L., Norwood/Young America, MN, pro se respondents.

Considered and decided by WRIGHT, Presiding Judge; STONEBURNER, Judge; and MINGE, Judge.

## OPINION

WRIGHT, Judge.

In this appeal presenting a certified question, we consider whether the district court retains jurisdiction to adjudicate an 18–year–old individual as a child in need of protection or services (CHIPS) when the CHIPS petition was filed before the subject's 18th birthday. Appellant, the subject of the CHIPS petition, argues that the district court lost jurisdiction over the petition when it failed to adjudicate him in need of protection or services before his 18th birthday. Although the district court also certified as important and doubtful the question of whether a child is entitled to admit or deny the grounds alleged in a CHIPS petition if the child's behavior is the basis for the petition, neither party has appealed this certified question. We answer the certified question on appeal in the affirmative, decline to answer the second question, which is not properly before us, and remand to the district court.

## FACTS

Appellant C.S.L., the son of respondents L.M.L. and S.B.L., was born on July 28, 1988. Because of C.S.L.'s behavioral problems, L.M.L. and S.B.L. voluntarily agreed to an out-of-home placement for C.S.L. in June 2005. He has remained in mental-health and juvenile facilities since that date. On July 14, 2006, respondent guardian ad litem filed a Child in Need of Protection or Services (CHIPS) petition, alleging the following statutory grounds for the petition: C.S.L. is without food, clothing, shelter, education, or other care because his parents are unable or unwilling to provide it, Minn.Stat. § 260C.007, subd. 6(3) (2004); C.S.L.'s parents desire to be re-lieved of his care and custody, Minn.Stat. § 260C.007, subd. 6(6) (2004); and C.S.L.'s behavior, condition, or environment is dangerous to him or others, Minn.Stat. § 260C.007, subd. 6(9) (2004). At the hearing to admit or deny the allegations that was held on July 25, 2006, three days before C.S.L.'s 18th birthday, the district court accepted the parents' admissions and C.S.L.'s denial of these statutory grounds. The matter was set for a pretrial conference on August 18, 2006.

After his 18th birthday, C.S.L. moved to dismiss the CHIPS petition, arguing that the district court no longer has jurisdiction over him because he is no longer a child. The district court determined that it retained jurisdiction and denied the motion. The district court also issued an order certifying the following questions as important and doubtful:

[1] Whether the [district court] has jurisdiction to adjudicate an 18–year–old adult as a child in need of protection or services where the CHIPS petition was filed shortly before his 18th birthday; and,

[2] Whether an individual that is the child subject of a CHIPS proceeding has standing to deny the allegations of the petition and have a trial, when the child's parents admitted their inability to meet the child's mental health needs shortly before the child's [18th] birthday while the child was in an on-going voluntary placement at a residential treatment center as a result of his behavior.

The district court granted C.S.L.'s motion to intervene as a party for purposes of appeal. This appeal followed.

## ISSUES

I. Did the district court properly certify the question of whether a district court

has jurisdiction to adjudicate an 18–year–old individual to be a child in need of protection or services when the CHIPS petition was filed before the individual's 18th birthday? If so, should that question be answered in the affirmative or the negative?

II. Did the district court properly certify the question of whether a child that is the subject of a CHIPS petition is entitled to an opportunity to deny the statutory grounds in the petition and have a trial when the child's parents have admitted those grounds? If so, should that question be answered in the affirmative or the negative?

## ANALYSIS

■ C.S.L. appeals from the district court's order certifying two questions as important and doubtful. Minn. R. Civ. App. P. 103.03(i). On review, we make an independent determination of whether the question certified is important and doubtful. *Nat'l City Bank of Minneapolis v. Lundgren*, 435 N.W.2d 588, 590 (Minn. App.1989), *review denied* (Minn. Mar. 29, 1989). If we conclude that the question is not important and doubtful, we may decline to reach its merits. *Proprietors Ins. Co. v. Cohen*, 451 N.W.2d 904, 906 (Minn. App.1990).

■ A question's importance depends on whether "(1) it will have statewide impact, (2) it is likely to be reversed, (3) it will terminate lengthy proceedings, and (4) the harm inflicted on the parties by a wrong ruling by the district court is substantial." *Jostens, Inc. v. Federated Mut. Ins. Co.*, 612 N.W.2d 878, 884 (Minn.2000). "A question is 'doubtful' only if there is no controlling precedent. That the question

is one of first impression is not, however, of itself sufficient to justify certification as doubtful; the question should be one on which there is substantial ground for a difference of opinion." *Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176, 179–80 (Minn.1988) (citation omitted). When assessing whether a certified question is important and doubtful, we are mindful that parties may not use the certification process as a substitute for the normal appellate process or as a method for securing an advisory opinion. *Jacka v. Coca–Cola Bottling Co.*, 580 N.W.2d 27, 30 (Minn.1998).

## I.

■ The first certified question asks us to determine whether a district court has jurisdiction to adjudicate an 18–year–old individual to be a child in need of protection or services when the CHIPS petition was filed before the individual's 18th birthday. This question is important. Its resolution will have statewide impact on the adjudication of CHIPS petitions and the process used by counties and other authorized individuals to file CHIPS petitions. The harm inflicted on C.S.L. by an erroneous ruling will be great, in that an incorrect determination could either deprive C.S.L. of the necessary services and protection to which he is entitled or impose restrictions on C.S.L. that are not permitted by law.

This question also is doubtful. There is no controlling precedent that advises the district court whether it has jurisdiction to adjudicate an 18–year–old individual as a child in need of protection or services when the CHIPS proceeding was initiated before the individual's 18th birthday.[1] And there is a substantial basis for

---

1. In *In re Welfare of C.M.K.*, we were asked to determine whether a district court lacks jurisdiction to adjudicate a juvenile alien to be a

child in need of protection or services. 552 N.W.2d 768, 769 (Minn.App.1996). The government respondents sought dismissal of the

a difference of opinion as to the proper resolution of this question because of an apparent conflict between the statutory definition of "child," Minn.Stat. § 260C.007, subd. 4 (2006),[2] and the statutory provision that permits a district court to extend its jurisdiction beyond a child's 18th birthday, Minn.Stat. § 260C.193, subd. 6 (2006).

■ Because this certified question is both important and doubtful, we will address it on the merits. In doing so, we apply a de novo standard of review. *B.M.B. v. State Farm Fire & Cas. Co.,* 664 N.W.2d 817, 821 (Minn.2003) (stating that certified questions are questions of law, which appellate courts review de novo).

■ C.S.L. argues that he cannot be adjudicated as a child in need of protection or services because the term "child" is statutorily defined as "an individual under 18 years of age." Minn.Stat. § 260C.007, subd. 4. Relying on Minn.Stat. § 260C.193, subd. 6, respondent guardian ad litem counters that the pendency of a CHIPS petition authorizes the district court to retain jurisdiction over C.S.L. until he reaches age 19. Section 260C.193, subdivision 6, provides that, "[u]nless terminated by the [district] court, ... the jurisdiction of the [district] court shall continue until the individual becomes 19 years of age if the [district] court determines it is in the best interest of the individual to do so."

C.S.L. raises two arguments against retaining jurisdiction under section 260C.193, subdivision 6. First, C.S.L. argues that extension of jurisdiction beyond an individual's 18th birthday is permitted only if the subject of the CHIPS petition was adjudicated as a child in need of protection or services before the individual's 18th birthday. Section 260C.193, subdivision 6, requires an adjudication, C.S.L. argues, because that section's title is "DISPOSITIONS; GENERAL PROVISIONS" and a disposition may not occur until after the CHIPS adjudication.

■ But contrary to C.S.L.'s argument, an adjudication is not required. The plain language of section 260C.193, subdivision 6, establishes that a district court's jurisdiction in a child-protection matter may continue until the individual's 19th birthday so long as the district court assumes jurisdiction over that matter before the individual's 18th birthday. Under Minnesota law, a district court has "original and exclusive jurisdiction in proceedings concerning any child who is *alleged* to be in need of protection or services." Minn. Stat. § 260C.101, subd. 1 (2006) (emphasis added). Jurisdiction does not depend on an *adjudication* that a child is in need of protection or services; rather, it attaches as soon as a sufficient allegation that a child is in need of protection or services is made. *See In re Welfare of Child of T.T.B. & G.W.,* 710 N.W.2d 799, 803–04 (Minn.App.2006) (citing section 260C.101,

appeal, arguing that it was moot because C.M.K. was no longer a "child," as he had turned 18. *Id.* at 769 n. 1. We declined to decide whether the appeal was moot on that ground because the question was not properly before us. *Id.* at 770 n. 1.

2. A brief explanation of the statutory dates used throughout our analysis is warranted. Based on the date of its decision, the district court applied the 2004 version of the applicable statutes. Because the 2006 version of the

applicable statutes does not change or alter the rights of the parties, the 2006 version of these statutes will be referred to throughout this analysis. *See McClelland v. McClelland,* 393 N.W.2d 224, 226–27 (Minn.App.1986) (indicating that current version of statute will be used unless it changes or alters matured or unconditional right of parties or creates other injustice), *review denied* (Minn. Nov. 17, 1986).

subdivision 1, and holding that, to establish subject-matter jurisdiction, petitioner need not prove prima facie case but must only set forth sufficient allegations that child is in need of protection or services), *rev'd on other grounds*, 724 N.W.2d 300 (Minn.2006). That section 260C.193 is entitled "DISPOSITIONS; GENERAL PROVISIONS" does not give us the authority to add to subdivision 6 a requirement for adjudication before the child's 18th birthday as a condition precedent for the district court's jurisdiction to continue. *See* Minn.Stat. § 645.49 (2006) ("The headnotes printed in boldface type before sections and subdivisions in editions of Minnesota Statutes are mere catchwords to indicate the contents of the section or subdivision and are not part of the statute."); *see also Roer v. Dunham*, 682 N.W.2d 179, 181 (Minn.App.2004) (stating that courts cannot add language that is not present in statute or supply what legislature purposely omits or inadvertently overlooks); *Hyland v. Metro. Airports Comm'n*, 538 N.W.2d 717, 720 (Minn.App. 1995) (stating that statute's title may be considered when attempting to ascertain legislature's intent, but that "it is not of decisive significance and cannot be used to alter the plain import of a statute's explicit language within the scope of the title" (quotation omitted)).

Here, it is undisputed that the CHIPS petition's allegations that C.S.L. is in need of protection or services under three statutory criteria were sufficient to establish the district court's jurisdiction over the CHIPS proceeding. Under Minn.Stat. § 260C.101, subd. 1, the district court's jurisdiction attached when those allegations were made, which was before C.S.L.'s 18th birthday. Because the district court assumed jurisdiction over this matter before C.S.L.'s 18th birthday, the district court's jurisdiction "shall continue until [C.S.L.] becomes 19 years of age" if the district court determines that continuation of its jurisdiction is in C.S.L.'s best interests. Minn.Stat. § 260C.193, subd. 6.

C.S.L. next argues that, under section 260C.193, subdivision 6, the district court does not retain jurisdiction to adjudicate an 18 year old as a child in need of protection or services because the subject of the petition is no longer a "child," which is defined under section 260C.007, subdivision 4, as "an individual under 18 years of age." This argument, however, is inconsistent with the exception contained in section 260C.193, subdivision 6, which bars a district court's jurisdiction over an habitual truant's CHIPS case under Minn.Stat. § 260C.007, subd. 6(14) (2006), from continuing beyond the child's 18th birthday. If, as C.S.L. argues, a district court's jurisdiction to adjudicate a child to be in need of protection or services can never continue after the child's 18th birthday, then it would not have been necessary for the legislature to include the habitual-truant exception to the general rule that jurisdiction may continue. *In re Welfare of R.W.*, 575 N.W.2d 857, 860 (Minn.App.1998) ("Because habitual truancy is one of [the] enumerated bases for finding a child in need of protection or services, and is the only one singled out for a limitation on jurisdiction after the language providing for extension, the CHIPS cases arising under any of the other ... bases would be subject to the jurisdiction extension language...."). Thus, we may glean from the legislature's inclusion of this exception an intent to permit a continuation of the district court's jurisdiction beyond the child's 18th birthday when the district court's jurisdiction arises under the statutory grounds alleged here, namely, Minn. Stat. § 260C.007, subd. 6(3), (6), (9) (2006). *See* Minn.Stat. § 645.19 (2006) ("Exceptions expressed in a law shall be construed to exclude all others."); *R.W.*, 575 N.W.2d

at 860 ("If the legislature intended to exclude all CHIPS cases generally from the provision allowing for juvenile court jurisdiction to extend until a child reaches age 19, it would logically have done so ... at the same time it included the exception for CHIPS cases arising on the basis of habitual truancy.").

For the foregoing reasons, we answer in the affirmative, subject to the habitual-truant exception, the district court's certified question of whether a district court retains jurisdiction to adjudicate an 18–year–old individual as a child in need of protection or services when the CHIPS petition was filed before the child's 18th birthday.[3]

## II.

■ The second question that the district court certified asks whether a child who is the subject of a CHIPS petition is entitled to deny the allegations in the CHIPS petition and proceed to trial when the child's parents have admitted their inability to meet the child's mental-health needs. None of the parties has appealed from the district court's certification of this question. Nor has any party addressed this question in its appellate brief. We, therefore, decline to answer this question, as it is not properly before us. *See* Minn. R. Civ.App. P. 103.03(i) (stating that "[a]n appeal may be *taken* to the Court of Appeals ... if the [district] court certifies that the question presented is important and doubtful"); *Melina v. Chaplin,* 327 N.W.2d 19, 20 (Minn.1982) (holding that issues not briefed on appeal are waived).

### DECISION

Because Minn.Stat. § 260C.193, subd. 6 (2006), permits a district court's jurisdiction over a Child in Need of Protection or Services (CHIPS) petition to continue until the subject of that petition turns 19 years old when the district court determines that it is in the individual's best interests, except when the basis of the CHIPS petition is habitual truancy, Minn.Stat. § 260C.007, subd. 6(14) (2006), we answer in the affirmative the district court's certified question of whether a district court has jurisdiction to adjudicate C.S.L., an 18 year old, as a child in need of protection or services when the CHIPS petition was filed before his 18th birthday. However, because the certified question of whether a child who is the subject of a CHIPS petition is entitled to deny the allegations in the CHIPS petition and have a trial when the child's parents have admitted their inability to meet the child's mental-health needs was neither appealed nor briefed by the parties, we decline to answer it. Accordingly, we remand to the district court for further proceedings.

**Certified question answered in the affirmative and remanded.**

3. As stated in section 260C.193, subdivision 6, the district court's jurisdiction does not continue past the child's 18th birthday when the district court's jurisdiction is derived from an allegation that the child is a habitual truant. *See* Minn.Stat. §§ 260C.007, subd. 6(14) (stating that child is in need of protection or services if child is habitual truant), 260C.101, subd. 1 (stating that district court has jurisdiction in proceedings concerning child alleged to be in need of protection or services).