# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A24-0056

Ashcel Companies, Inc., a Minnesota Corporation,
Respondent,

vs.

County of Dodge,
Appellant.

**Filed August 5, 2024**
**Certified question answered in the affirmative**
**Bratvold, Judge**

Dodge County District Court
File No. 20-CV-21-453

Chad D. Lemmons, Kelly & Lemmons, PA, St. Paul, Minnesota (for respondent)

Jay T. Squires, Alexander P. Halladay, Squires, Waldspurger & Mace, P.A., Minneapolis, Minnesota (for appellant)

Considered and decided by Bratvold, Presiding Judge; Segal, Chief Judge; and Slieter, Judge.

## SYLLABUS

Under Minn. Stat. § 282.03 (2022), a county may attach a condition to the sale of a tax-forfeited property requiring the buyer to demolish a building or structure on the property.

## OPINION

**BRATVOLD**, Judge

This case arises from the sale of a tax-forfeited property by appellant Dodge County (the county) to respondent Ashcel Companies Inc. (Ashcel). As a condition of the sale, the

county required the buyer to demolish "all buildings" on the tax-forfeited property, which is located in Kasson (the Kasson property). After purchasing the Kasson property, Ashcel requested permission from the county for Ashcel's president to occupy the house on the property and for Ashcel to be relieved of the condition that it demolish all buildings. The county denied Ashcel's request, and Ashcel petitioned for a writ of mandamus.

The district court denied the county's motion for summary judgment and certified the following question: "Whether counties have the authority to impose a condition requiring demolition of pre-existing structures as a part of a tax-forfeiture sale." We first determine that the certified question is important and doubtful. We then answer the certified question in the affirmative and conclude that Minn. Stat. § 282.03 authorizes a county to require the buyer of a tax-forfeited property to demolish a building or structure on the property as a condition of the sale.

## FACTS

The following summarizes the undisputed facts as determined by the district court and supplemented by the record when helpful to the issue on appeal.

In May 2017, the board of commissioners for the county (the county board) authorized a public sale of the Kasson property, a tax-forfeited parcel located on 230th Avenue. The Kasson property included a single-family home. County employees inspected the Kasson property and observed that the house was "in poor condition" and "all building components" were "in a questionable state of repair." The county employees also observed that "there appeared to be no functional and legal well and septic system on the property

2

that would serve residential use." The county board "determined the public interest was best served by [the] removal" of the house.

On May 17 and 24, the county published a "notice of public sale of tax-forfeited lands" in the newspaper. The Kasson property was listed along with other properties in a table, which stated across the top, "Please note the conditions of sale at the bottom of this table." The conditions of sale for the Kasson property stated, "All buildings including the mobile home and the septic system must be demolished." The notice also specified the time, date, and location of the sale. Ashcel's president, Patrick Brown, visited the Kasson property before the auction and then appeared at the auction on Ashcel's behalf. On June 14, Ashcel purchased the Kasson property at the public auction. On June 30, the Minnesota Department of Revenue conveyed the Kasson property to Ashcel via a written "Conveyance of Forfeited Lands." The conveyance listed no conditions of sale.

Over three years later, on August 25, 2020, Brown appeared before the county board on behalf of Ashcel to request permission for Brown "to occupy the home" on the Kasson property rather than demolish it. The county board discussed the Kasson property's well and septic-system issues with Brown.

On September 8, 2020, Brown again appeared at a county-board meeting to report that it was not "an issue to put in a new well" but that he "would need to determine where the septic [system] is going" before drilling the well. Brown again "requested authorization to proceed with occupying" the house on the Kasson property. The county board denied Ashcel's request for Brown to occupy the house and informed Brown that "the house needs to come down."

On July 6, 2021, Ashcel petitioned the district court for a writ of mandamus directing the county "to issue to [Ashcel] a permit for construction of an onsite sewage treatment system." Ashcel alleged that the county "refused to issue said permit," thereby preventing Ashcel from occupying the home on the Kasson property. The district court issued an order for a writ of mandamus compelling the county to "issue a permit as applied for by" Ashcel or file an answer within 20 days of service of the order.

The county filed an answer and counterclaim, requesting that the district court compel Ashcel to "remove the residential structure from the . . . [Kasson] property as required by the condition of conveyance of the property." Ashcel answered the counterclaim, conceding that it "failed to demolish the structure" on the Kasson property but denying that it had "any obligation to do so." The case was set for trial.

The county filed a motion in limine to exclude evidence "regarding the condition of the residential structure on the [Kasson] property . . . or the suitability or design of the septic system to serve the pre-existing residential structure." The county's accompanying memorandum argued that such evidence was "not relevant to the fundamental issue in this case—the validity of the . . . demolition condition of sale." Ashcel opposed the county's motion.

After a discussion with the district court, the parties conferred and agreed that (1) "the county's in limine motion will be put in abeyance"; (2) "the parties will bring cross-motions for summary judgment"; and (3) Ashcel "will amend its petition to reflect the fact [that] what is sought is an order directing a septic site evaluation of the [Kasson] property, not issuance of a septic permit." The district court approved these stipulations.

Ashcel then amended its petition for a writ of mandamus, seeking "an order directing the County of Dodge to meet with a representative of [Ashcel] at the [Kasson] property and conduct an on-site soil verification."

Both parties moved for summary judgment. Ashcel argued that the county did not "have the statutory authority to require the correction or removal of hazardous structures" as a condition of the sale of a tax-forfeited property. The county argued that "the conditions of sale are valid" because "Minn. Stat. § 282.03 specifically authorizes a county to place conditions of sale on a tax-forfeited property."

The district court granted in part and denied in part the parties' motions for summary judgment. The district court denied the county's request to compel Ashcel to demolish the house on the Kasson property in accordance with the condition of sale. The district court relied on two statutes. First, the district court cited Minn. Stat. § 282.04, subd. 2(e) (2022), and stated that it "allows for the county to demolish the structure while the county is in possession of the property if certain economic conditions are met." Second, the district court reasoned that Minn. Stat. § 282.03 "allows for the county to place conditions upon a subject property for certain economic purposes."[1] The district court determined that "[n]either statute allows the county to place the burden of demolition on the purchaser" and that, "[b]ased upon the statutory language, [the] condition of sale was beyond the scope of the county board's authority."

---

[1] The district court's order mistakenly cited Minn. Stat. § 282.01 (2022) instead of section 282.03.

The district court also denied Ashcel's petition for a writ of mandamus. The district court determined that the "mere fact that Dodge County cannot require demolition of a structure as a condition of sale does not necessitate a meeting for an on-site soil verification" and that Ashcel "provided no legal basis by which the court could consider the issue."

The district court did not direct the entry of judgment. In a letter to the district court, the parties stipulated to certification of a question to this court as important and doubtful. The district court agreed and certified the following question: "Whether counties have the authority to impose a condition requiring demolition of pre-existing structures as a part of a tax-forfeiture sale." The county appeals from the district court's orders denying summary judgment and certifying the demolition-condition question.

**ISSUES**

I. Is the certified question important and doubtful?

II. Does a county have the authority to impose a condition of sale requiring a buyer to demolish buildings or structures on a tax-forfeited property?

**ANALYSIS**

**I. The certified question is important and doubtful.**

The Minnesota Rules of Civil Appellate Procedure provide that an "appeal may be taken to the Court of Appeals . . . if the trial court certifies that the question presented is important and doubtful, . . . from an order which denies a motion for summary judgment." Minn. R. Civ. App. P. 103.03(i). Appellate courts must determine whether the district court "properly certified the question[] for appellate review." *Fedziuk v. Comm'r of Pub. Safety*,

6

696 N.W.2d 340, 344 (Minn. 2005). "[N]ot every vexing question is important and doubtful." *Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176, 179 (Minn. 1988).

The Minnesota Supreme Court has provided "factors to consider in determining whether a question is important." *Jostens, Inc. v. Federated Mut. Ins. Co.*, 612 N.W.2d 878, 884 (Minn. 2000) (quotation marks omitted). A question is important if "(1) it will have statewide impact, (2) it is likely to be reversed, (3) it will terminate lengthy proceedings, and (4) the harm inflicted on the parties by a wrong ruling by the district court is substantial." *Fedziuk*, 696 N.W.2d at 344. "A question is doubtful only if there is no controlling precedent." *Emme*, 418 N.W.2d at 179 (quotation marks omitted). "That the question is one of first impression is not, however, of itself sufficient to justify certification as doubtful; the question should be one on which there is substantial ground for a difference of opinion." *Id.* at 180.

The parties asked the district court to certify the above question to this court as important and doubtful because "this issue is an important one in that all counties in the state engage in tax-forfeit sale processes on behalf of the State of Minnesota." The parties also agree that "there is little caselaw addressing the authority of Minnesota counties, in administering tax forfeiture processes, to impose conditions on tax forfeiture sales." On appeal, the parties' briefs do not discuss whether the certified question is important and doubtful.

We conclude that the certified question is important and doubtful. The question is important because resolution of the certified question will clarify a county's authority to sell tax-forfeited land with conditions attached. *See* Minn. Stat. § 282.01 (describing a

7

county's authority to classify, manage, and sell tax-forfeited land). The question is also doubtful because no caselaw or statute explicitly addresses a county's power to require demolition as a condition of sale and there are substantial grounds for a difference of opinion because the parties' briefs reveal reasonable but conflicting interpretations of relevant statutes. *See Emme*, 418 N.W.2d at 179-80; *Persigehl v. Ridgebrook Invs. Ltd. P'ship*, 858 N.W.2d 824, 831 (Minn. App. 2015) (determining that a certified question of statutory interpretation was doubtful where there was "[n]o controlling precedent" and the parties argued for "reasonable, but conflicting, interpretations" of the relevant statutory provision). Accordingly, we address the merits of the certified question. *See In re Welfare of Child of L.M.L.*, 730 N.W.2d 316, 320 (Minn. App. 2007) (stating that when a certified question is both important and doubtful, this court "will address it on the merits").

## II. Under Minn. Stat. § 282.03, a county may attach a condition to the sale of a tax-forfeited property requiring the buyer to demolish a building or structure on the property.

The county's brief to this court relies on section 282.03 and argues that the county has "authority to attach conditions to tax forfeiture sales, including conditions requiring demolition of pre-existing structures." Ashcel disagrees, arguing that section 282.03 "grant[s] a county zoning control over tax forfeited land." Ashcel contends that, under section 282.04, subdivision 2(e), "any demolition must occur prior to sale of the property and must be paid for" by the county.

The parties' arguments raise a question of statutory interpretation that appellate courts review de novo. *Roach v. County of Becker*, 962 N.W.2d 313, 323 (Minn. 2021). "The objective of statutory interpretation is to effectuate the intention of the legislature."

*Hagen v. Steven Scott Mgmt., Inc.*, 963 N.W.2d 164, 169 (Minn. 2021) (quotation omitted). An appellate court must first "examine the statutory language to determine whether the words of the law are clear and free from all ambiguity." *Cocchiarella v. Driggs*, 884 N.W.2d 621, 624 (Minn. 2016) (quotation omitted). "If the Legislature's intent is clear from the unambiguous language of the statute, [appellate courts] apply the statute according to its plain meaning." *Staab v. Diocese of St. Cloud*, 853 N.W.2d 713, 716-17 (Minn. 2014). Only if the "text of the statute is unclear or ambiguous . . . will [appellate courts] go beyond the plain language of the statute to determine the intent of the legislature." *Hagen*, 963 N.W.2d at 169 (quotation omitted). A statute is ambiguous if it is "susceptible to more than one reasonable interpretation." *Roach*, 962 N.W.2d at 323.

We first turn to the language of section 282.03:

> *There may be attached* to the sale of any parcel of forfeited land, if in the judgment of the county board it seems advisable, *conditions limiting the use of the parcel* so sold *or limiting the public expenditures* that shall be made for the benefit of the parcel *or otherwise safeguarding against the sale and occupancy of these parcels unduly burdening the public treasury*.

Minn. Stat. § 282.03 (emphasis added).

The district court determined that section 282.03 "grants county boards the authority to place 'use' or 'public expenditure' conditions on the sale of a property for the purpose of protecting taxpayers," but the statute's text "does not address demolition of structures." The district court determined that, because the legislature "consider[ed] a county's ability to demolish structures on tax-forfeited land" in section 282.04, subdivision 2(e), the county was required to "follow those steps."

9

Section 282.04, subdivision 2(e), states:

> *The county auditor, with the approval of the county board, may provide for the demolition of any structure on tax-forfeited lands*, if in the opinion of the county board, the county auditor, and the land commissioner, if there is one, the sale of the land with the structure on it, or the continued existence of the structure by reason of age, dilapidated condition or excessive size as compared with nearby structures, will result in a material lessening of net tax capacities of real estate in the vicinity of the tax-forfeited lands, or if the demolition of the structure or structures will aid in disposing of the tax-forfeited property.

Minn. Stat. § 282.04, subd. 2(e) (emphasis added).

Both statutes are relevant to our analysis because caselaw directs us to read the sections in a statutory scheme together and to avoid rendering any statutory language superfluous. *See Wilbur v. State Farm Mut. Auto. Ins. Co.*, 892 N.W.2d 521, 524 (Minn. 2017) (stating that appellate courts "are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations" (quotation omitted)); *Hagen*, 963 N.W.2d at 170 (explaining that appellate courts must "avoid [statutory] interpretations that would render a word or phrase superfluous, void, or insignificant" (quotation omitted)).

Here, both sections 282.03 and 282.04 fall within chapter 282, which governs tax-forfeited-land sales. Section 282.03 provides that a county board may, if "it seems advisable," attach conditions to the sale of a parcel of tax-forfeited land. The conditions may (1) "limit[] the use of the parcel"; (2) "limit[] the public expenditures that shall be made for the benefit of the parcel"; or (3) "otherwise safeguard[] against the sale and

occupancy of these parcels unduly burdening the public treasury." Minn. Stat. § 282.03. As the district court noted, section 282.03 "does not address demolition of structures."

The parties appear to agree that section 282.03 is unambiguous but offer different interpretations. The county contends that requiring the demolition of buildings or structures on a tax-forfeited property is encompassed by the three types of conditions of sale enumerated in section 282.03. Ashcel disagrees, contending that section 282.03 does not cover demolition. Ashcel also points out that section 282.04, subdivision 2(e), gives the county authority to demolish a structure before the sale of tax-forfeited property.

Because the county and Ashcel propose two reasonable but different interpretations of section 282.03, we conclude that it is ambiguous. *See Roach*, 962 N.W.2d at 323 (stating that a statute is ambiguous when it is "susceptible to more than one reasonable interpretation"). Section 282.03 may be reasonably interpreted to include demolition as a condition of a sale of tax-forfeited property that "otherwise safeguard[s] against the sale and occupancy of these parcels unduly burdening the public treasury." Minn. Stat. § 282.03. Alternatively, section 282.03 may be reasonably interpreted as omitting demolition by its silence and therefore only allowing demolition by a county before the sale of tax-forfeited property. *See* Minn. Stat. § 282.04, subd. 2(e) (authorizing a county, before the sale of tax-forfeited property, to make repairs and improvements, provide for insurance or demolition, sell salvaged materials, and provide for partition and easements).

Having concluded that section 282.03 is ambiguous, we "may resort to the canons of construction or legislative history in order to determine the intent of the Legislature." *Binkley v. Allina Health Sys.*, 877 N.W.2d 547, 550-51 (Minn. 2016). One consideration in

11

determining legislative intent is the object to be attained by the statute. Minn. Stat. § 645.16 (2022); *City of Circle Pines v. County of Anoka*, 977 N.W.2d 816, 823 (Minn. 2022). The county argues that interpreting section 282.03 to authorize requiring demolition of structures as a condition of sale furthers the legislature's goal of returning tax-forfeited property "to productive use and a tax status which attempts to recapture taxes lost in forfeiture."[2]

The county's argument is persuasive. The legislature has authorized a county to sell tax-forfeited land—so long as it is classified as "nonconservation"—if the county board determines "it is advisable to do so." Minn. Stat. § 282.01, subd. 3(a) (stating that "[a]ll parcels" of tax-forfeited land "classified as nonconservation . . . shall be sold . . . if it is determined, by the county board of the county in which the parcels lie, that it is advisable to do so"). Section 282.03 expressly authorizes a county to attach conditions to the sale of tax-forfeited property—such as limits on the use of the tax-forfeited parcel and limits on public expenditures for the benefit of the parcel. Minn. Stat. § 282.03.

Section 282.03 also provides, in its closing clause, that a condition of sale must "otherwise safeguard[] against the sale and occupancy of these parcels unduly burdening the public treasury." *Id.* Because the legislature used the term "otherwise" in the final clause, we understand section 282.03 to provide that all conditions on the sale of tax-forfeited property must safeguard "against the sale and occupancy of these parcels

---

[2] Ashcel does not discuss the legislature's objective in passing section 282.03. Instead, Ashcel argues that section 282.04, subdivision 2(e), "makes demolition of any improvement on tax forfeited property the responsibility of the county." We discuss this argument below.

unduly burdening the public treasury." *See Black's Law Dictionary* 1328 (11th ed. 2019) (defining "otherwise" as "in another manner" or "by other causes or means").

By referencing the burden on the public treasury, section 282.03 implicitly recognizes that tax-forfeited property does not generate tax revenue for a county. The legislature's objective in chapter 282 is to allow a county, in its discretion, to facilitate the sale of tax-forfeited property, and we conclude that this objective includes returning the property to the tax rolls.

With this legislative objective in mind, we consider whether a county may impose a condition on the sale of tax-forfeited property that requires the buyer to demolish a building or structure on the property. The language of section 282.03 gives a county discretion to impose three types of conditions on the sale of tax-forfeited property. Each of the three sale conditions aligns with returning tax-forfeited property to the tax rolls. Section 282.03 authorizes a county to impose "use" limitations, "public expenditure[]" limitations, and related limitations that "otherwise safeguard[] against the sale and occupancy of [the] parcel unduly burdening the public treasury." Minn. Stat. § 282.03.

The county argues that the first two conditions under section 282.03 allow it to require a buyer to demolish a structure on a tax-forfeited property as a condition of sale. The county contends that demolition would "limit the use of the parcel by prohibiting continued use of the pre-existing structure" and "limit public expenditure by shifting the burden for the removal of dilapidated buildings to a tax-forfeiture buyer." We are not convinced. Under the first condition, requiring demolition of a building or structure does not limit "the use of the parcel" as stated in section 282.03 because, after demolition, the

13

buyer can continue the same general use of the property. *Id.* The second condition is one that "limit[s] the public expenditures that *shall* be made for the benefit of the parcel." *Id.* (emphasis added). Because no law requires a county to demolish a structure on a tax-forfeited property, requiring the buyer to demolish a structure is not a limitation on a public expenditure that "shall be made." *Id.*; *see* Minn. Stat. § 645.44, subd. 16 (2022) (providing that "'[s]hall' is mandatory").

But we conclude that, under the third condition in section 282.03, a county may require a buyer to demolish a building or structure as a condition of sale to prevent the tax-forfeited property from "unduly burdening the public treasury." Minn. Stat. § 282.03. This interpretation is consistent with the legislature's objective of returning tax-forfeited property to the tax rolls by allowing a county to avoid placing the burden of demolition on taxpayers and instead require the buyer to bear this burden. Further, Ashcel does not dispute that requiring a buyer to demolish a building or structure as a condition of sale safeguards against tax-forfeited parcels "unduly burdening the public treasury." *Id.*

Ashcel interprets section 282.04, subdivision 2(e), as authorizing a county to demolish a structure on a tax-forfeited property. We agree. But Ashcel also contends that section 282.04, subdivision 2(e), narrows the authority granted in section 282.03. This contention is unavailing. Section 282.04, subdivision 2(e), gives the county authority to demolish a building or structure on tax-forfeited property *prior to sale*. Minn. Stat. § 282.04, subd. 2(e) (emphasis added). Section 282.03 governs conditions "*attached to the sale* of any parcel of forfeited land." Minn. Stat. § 282.03 (emphasis added). Thus, section

14

282.03 is distinct from presale demolition by the county as discussed in section 282.04, subdivision 2(e).

We therefore conclude that section 282.03 authorizes a county to require a buyer to demolish a building or structure on a tax-forfeited property as a condition of the sale of the property.[3]

## DECISION

We hold that, under Minn. Stat. § 282.03, a county may attach a condition to the sale of a tax-forfeited property requiring the buyer to demolish a building or structure on the property. We therefore answer the certified question in the affirmative.

**Certified question answered in the affirmative.**

---

[3] We need not consider the county's alternative argument that the words "provide for" in section 282.04, subdivision 2(e), "could be interpreted as an additional source of authority for counties to attach a demolition condition to the sale" of tax-forfeited property.

15