John WILBUR, Appellant,

v.

STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Respondent.

A15-1438

Supreme Court of Minnesota.

Filed: April 5, 2017

Office of Appellate Courts

Wilbur W. Fluegel, Fluegel Law Office, Minneapolis, Minnesota; and Charles D. Slane, TSR Injury Law, Bloomington, Minnesota, for appellant.

William L. Moran, HKM, P.A., Saint Paul, Minnesota, for respondent.

Michael L. Weiner, Yaeger & Weiner, PLC, Minneapolis, Minnesota, for amicus curiae Minnesota Association for Justice.

Dale O. Thornsjo, Lance D. Meyer, O'Meara, Leer, Wagner & Kohl, P.A., Minneapolis, Minnesota, for amici curiae The Insurance Federation of Minnesota, Property Casualty Insurers Association of America, and National Association of Mutual Insurance Companies.

## OPINION

McKEIG, Justice.

The question presented in this case is whether the "proceeds awarded" to an insured under Minn. Stat. § 604.18 (2016)—which authorizes the award of "taxable costs" when an insurer denies benefits without a reasonable basis—are capped by the insurance policy limit. The district court answered that question in the affirmative and held that Wilbur's underinsured-motorist policy limit capped the amount of his award under the plain language of section 604.18. Wilbur challenged that determination. The court of appeals affirmed after determining that the statute was ambiguous. Because we conclude that section 604.18 unambiguously caps "proceeds awarded" at the amount recoverable under the insurance policy, we affirm.

## FACTS

On January 10, 2009, a driver rear-ended appellant John Wilbur's car. Wilbur suffered injuries that required surgery on his neck and caused permanent nerve damage. The at-fault driver's liability insurer paid $100,000 to Wilbur, the full amount available under the policy. Wilbur's underinsured-motorist policy with respondent State Farm also had a $100,000 coverage limit. Wilbur made a settlement demand on State Farm for the full $100,000 available under the policy. State Farm initially offered and paid $1,200. After further correspondence, State Farm offered an additional $26,800 to settle the claim. Several months later, Wilbur declined the offer, served a complaint on State Farm alleging breach of contract, and claimed that he was entitled to the full amount recoverable under his policy with State Farm.

In 2011, a jury returned a verdict in Wilbur's favor in the amount of $412,764.63 as personal injury damages. The district court later reduced the verdict to $255,956.59 to account for the at-fault driver's payment of $100,000 and other collateral-source payments. The district court ultimately entered judgment in the amount of $98,800, subtracting State Farm's initial $1,200 payment from Wilbur's policy limit of $100,000.

After the jury's verdict on the breach-of-contract claim, Wilbur amended his complaint to add a claim under Minn. Stat. § 604.18, which permits an insured to recover "taxable costs" if an insurer unreasonably denies insurance benefits. The statute provides a remedy of "one-half of the proceeds awarded that are in excess of an amount offered by the insurer at least ten days before the trial begins or $250,000, whichever is less." Minn. Stat. § 604.18, subd. 3(a)(1). After entering judgment on Wilbur's breach-of-contract claim, the district court held a separate trial on his claim under section 604.18 and concluded that State Farm had denied Wilbur insurance benefits without a reasonable basis.

The district court then turned to the question of how much in "taxable costs" to award on Wilbur's section 604.18 claim. The amount of "taxable costs" available to Wilbur under section 604.18 turns on whether the phrase "proceeds awarded" refers to an amount capped by the insurance policy limit. If the proceeds awarded to Wilbur are capped by his policy limit, State Farm's liability under section 604.18 would be $36,000: one-half of the difference between State Farm's last settlement offer of $26,800 and $98,800 (which is Wilbur's policy limit of $100,000 minus State Farm's initial payment of $1,200). But if the proceeds awarded are *not* capped by the policy limit, the amount would be $114,578.30:

one-half of the difference between State Farm's last settlement offer of $26,800 and $255,956.59 (which is the jury's award of $412,764.63 minus $156,808.04 in collateral-source payments). The district court determined that "proceeds awarded" were capped by the insurance policy limit. Accordingly, the district court entered judgment in Wilbur's favor for $36,000. The district court also awarded $35,832.90 in costs and disbursements that Wilbur incurred while litigating this claim, the statutory cap of $100,000 in attorney fees, and $12,475.47 in prejudgment interest.

Wilbur appealed, arguing that "proceeds awarded" under section 604.18 are not capped by the policy limit. The court of appeals affirmed, holding that although the phrase "proceeds awarded" was ambiguous, several factors showed that it meant "the amount of the judgment entered by the district court as UIM benefits." *Wilbur v. State Farm Mut. Auto. Ins. Co.*, 880 N.W.2d 874, 884 (Minn. App. 2016). We granted Wilbur's petition for review.

## ANALYSIS

"The interpretation of statutes is a question of law which we review de novo." *Boutin v. LaFleur*, 591 N.W.2d 711, 714 (Minn. 1999). When interpreting statutes, our goal is to effectuate legislative intent. *State v. Maurstad*, 733 N.W.2d 141, 148 (Minn. 2007). "[W]e first look to see whether the statute's language, on its face, is clear or ambiguous." *Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn. 2000). "A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Amaral v. St. Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn. 1999). We consider the canons of statutory construction only after determining that a statute is ambiguous. *State v. Struzyk*, 869 N.W.2d 280, 284-85 (Minn. 2015).

■ "We are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Schroedl*, 616 N.W.2d at 277. A court may ascertain the meaning of doubtful words in a statute "by reference to their association with other associated words and phrases." *State v. Suess*, 236 Minn. 174, 52 N.W.2d 409, 415 (Minn. 1952).

Section 604.18 provides a remedy for an insured when an insurer denies a first-party claim without a reasonable basis.[1] Under the statute, a court may award certain taxable costs to an insured who can show that there was an "absence of a reasonable basis for denying the benefits of the insurance policy" and "that the insurer knew of the lack of a reasonable basis" or "acted in reckless disregard of the lack of a reasonable basis." Minn. Stat. § 604.18, subd. 2(a). If an insured proves that the insurer denied benefits without a reasonable basis, the court may award "an amount equal to one-half of the *proceeds awarded* that are in excess of an amount offered by the insurer at least ten days before the trial begins or $250,000, whichever is less." *Id.*, subd. 3(a)(1) (emphasis added).[2] The phrase "proceeds awarded" is the focus of this appeal.

■ Three aspects of section 604.18 show that "proceeds awarded" unambiguously refers to an amount capped by the insurance policy limit. First, the statute's use of the word "proceeds" to refer to insurance policies in two other subdivisions shows that the phrase "proceeds awarded" is constrained by the defined limits of the insurance policy. The statute first uses "proceeds" in its definition of the term "insurance policy": " 'Insurance policy' means a written agreement between an insured and an insurer that obligates an insurer to pay *proceeds* directly to an insured." Minn. Stat. § 604.18, subd. 1(a) (emphasis added). The statute later states: "Attorney fees may be awarded only if the fees sought are separately accounted for by the insured's attorney and are not duplicative of the fees for the insured's attorney otherwise expended in pursuit of *proceeds* for the insured under the insurance policy." *Id.*, subd. 3(a)(2) (emphasis added). "[C]onflicting interpretations of the same word" in the same context are not favored. *Clark v. Pawlenty*, 755 N.W.2d 293, 306 (Minn. 2008) (declining to interpret the word "successor" differently in different sections of the Minnesota Constitution); *see also Akers v. Akers*, 233 Minn. 133, 46 N.W.2d 87, 92 (Minn. 1951) (holding that the same word used in different subdivisions of the same statute must be given the same meaning).

The references in section 604.18 to "proceeds" and "proceeds awarded" do not conflict. Subdivisions 1(a) and 3(a)(2) use "proceeds" to refer to money awarded under an insurance policy, and subdivision 3(a)(1) uses the phrase "proceeds awarded" to set out the formula by which a district court may allocate such money. All three terms operate in a similar context and manner. The fact that "proceeds" refers to insurance-policy proceeds in other parts of the statute supports interpreting the phrase "proceeds awarded" in the same way.

---

1. A first-party claim is made by an injured party against his own insurer. In contrast, a third-party claim is made by an individual other than the insured; for example, by an injured party against the insurer of the at-fault party. *See Latterell v. Progressive N. Ins. Co.*, 801 N.W.2d 917, 922 (Minn. 2011).

2. In addition to these taxable costs, the statute permits a district court to award up to $100,000 in attorney fees, as well as prejudgment and postjudgment interest, costs, and disbursements. Minn. Stat. § 604.18, subd. 3(a).

Second, subdivision 3(a)(1) contemplates a capped settlement offer, indicating that "proceeds awarded" are capped by the insurance policy limit. The district court may award "an amount equal to one-half of the proceeds awarded that are in excess of an amount offered by the insurer at least ten days before the trial begins or $250,000, whichever is less." Minn. Stat. § 604.18, subd. 3(a)(1). The connection between "proceeds awarded" and the "amount offered by an insurer" before trial is telling; insurers' settlement offers before trial are almost always capped by the insurance policy's limit.

Finally, the timing of the section 604.18 proceeding suggests that "proceeds awarded" are capped by the insurance policy limit. Subdivision 4(b) states, "An award of taxable costs under this section shall be determined by the court in a proceeding subsequent to any determination by a fact finder of *the amount an insured is entitled to under the insurance policy....*" Minn. Stat. § 604.18, subd. 4(b) (emphasis added). In other words, proceeds can be awarded under section 604.18 only "subsequent to" a jury's determination of the benefits to be paid "under the insurance policy." And benefits paid under an insurance policy are capped by the policy's limit. This link supports the interpretation that the "taxable costs" awarded under section 604.18 may not exceed the policy's limit.

In urging us to reach the opposite conclusion, Wilbur observes that restricting "proceeds awarded" to the insurance policy limit will sometimes produce inadequate remedies. But "it is our job to interpret the Act as written and it is the Legislature's job to draft legislation, as it deems

appropriate." *KSTP-TV v. Metro. Council*, 884 N.W.2d 342, 349 n.4 (Minn. 2016).[3]

Accordingly, we hold that under the plain language of Minn. Stat. § 604.18, subd. 3, "proceeds awarded" to an insured are capped by the insurance policy's limit.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the court of appeals.

Affirmed.

ANDERSON, J., took no part in the consideration or decision of this case.

---

3.  Because the language of section 604.18 is unambiguous, we have no occasion to consider legislative history. *See, e.g., In re Welfare of J.B.*, 782 N.W.2d 535, 545 (Minn. 2010) ("Re-sort to legislative history to interpret a statute is generally appropriate only where the statute itself is ambiguous.").